Case 1:14-cv-02440-VEC   Document 2   Filed 04/08/14   Page 1 of 9

**JUDGE CAPRONI**

14 CV 2440



| | |
|---|---|
| FITAPELLI & SCHAFFER, LLP | TERRELL MARSHALL DAUDT & WILLIE PLLC |
| Joseph A. Fitapelli | Beth E. Terrell, *pro hac vice motion forthcoming* |
| Brian S. Schaffer | 936 North 34th Street, Suite 300 |
| Frank J. Mazzaferro | Seattle, Washington 98103-8869 |
| 475 Park Avenue South, 12th Floor | Telephone: (206) 816-6603 |
| New York, New York 10016 | |
| Telephone: (212) 300-0375 | |

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CHRISTINA MELITO, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, and AEO MANAGEMENT CO., a Delaware corporation,

    Defendants.

NO.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY**

Plaintiff Christina Melito (hereinafter referred to as "Plaintiff"), by her undersigned counsel, for this class action complaint against Defendants American Eagle Outfitters and AEO Management Co. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants") allege as follows:

## INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

2. <u>Plaintiff</u>. Plaintiff Christina Melito ("Plaintiff") is a citizen of New York, residing in Suffolk County, New York.

3. <u>Defendant American Eagle Outfitters, Inc.</u> American Eagle Outfitters, Inc. ("AEO") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. AEO is registered to do and is doing business in New York, including in the Southern District and throughout the United States.

4. <u>Defendant AEO Management Co.</u> AEO Management Co. ("AEO Management") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. AEO Management is registered to do and is doing business in New York, including in the Southern District and throughout the United States.

## JURISDICTION AND VENUE

5. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

6. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendants because it has submitted to New York jurisdiction by registering with the Secretary of State to do business in the state of New York, and the wrongful acts alleged in this Complaint were committed in New York.

7. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside in the district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2

number assigned to a … cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

10. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." See FCC Declaratory Ruling in re Petition filed by DISH Network, LLC for Declaratory Ruling Concerning TCPA Rules, CG Docket No., 11-50 (May 9, 2013) (available at http://www.huntonprivacyblog.com/wp-content/uploads/2013/05/FCC-13-54A1.pdf) (last visited January 21, 2014).

## FACTUAL ALLEGATIONS

12. Defendant AEO is a publicly traded company and is a leading global specialty retailer offering high-quality clothing, accessories, and personal care products at affordable prices under its American Eagle Outfitters and Aerie brands.

13. Defendant AEO Management is a subsidiary of Defendant AEO and operates Defendant AEO's website and promotions.

14. Defendants utilize bulk marketing by advertising through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. Defendants make SMS calls using ATDS equipment and software to cellular telephones whose owners have not provided prior express consent to receive such calls ("Spam Texts"), including Plaintiff.

**Factual Allegations Regarding Plaintiff**

16. Beginning in or around February 2014, Plaintiff received numerous Spam Text messages from or on behalf of Defendant AEO on her cellular telephone.

17. The Spam Text messages were from short code 324-53 and advertised promotions such as, "AEO: Free AEO Jeans," "AEO: Award Worthy Outfits: Get up to $30 off your purchase...," "AEO: Every fit & length you could ever want. 20% off when you buy our newest shorts...," "AEO: Party all weekend! 25% off today or 20% off Sat & Sun...," "AEO: Flip flop you don't stop: FREE flip flops when you buy any two AEO shorts," and "AEO: Introducing American Beagle Outfitters: the first line for you & your dog!"

18. The Spam Text messages direct the recipient to go to the websites: http://dqs.co/8hy86u, on.ae.com/outfit, on.ae.com/Award, on.ae.com/AEOshorts, ae.com, on.ae.com/Lucky, on.ae.com/flipflop, and/or on.ae.com/ABO.

19. Each of the websites is owned, maintained, and/or operated by Defendant AEO through Defendant AEO Management.

20. Plaintiff did not provide prior express consent, either written or oral, to receive Spam Text messages on her cellular telephone from or on behalf of Defendants.

21. Defendants are responsible for making the above-described Spam Text messages.

22. Defendants have made a large number of Spam Text messages to persons in New York and throughout the United States.

23. Defendants intend to continue to make similar Spam Text messages to persons in New York and throughout the United States.

## CLASS ACTION ALLEGATIONS

24. <u>Class Definition</u>. Pursuant to CR 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of National Class as defined as follows:

> All persons in the United States who: (a) received a text message sent by Defendants and/or a third party acting on Defendants' behalf; (b) promoting Defendants' goods or services; (c) on their cellular telephone line; (d) that were sent using an automatic telephone dialing system; (e) at any time in the period that begins four years before the date of filing this Complaint to trial. (the "Class").

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to who this case is assigned and any member of the Judge's immediate family.

25. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

26. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. As to Plaintiff and members of the Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to the cellular telephone numbers of Plaintiff and members of the Class;

    b. As to Plaintiff and members of the Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to

the cellular telephone numbers of Plaintiff and members of the Class, thus entitling Plaintiff and members of the Class to treble damages;

        c.      Whether Defendants are liable for ATDS generated text messages promoting Defendants' products and/or services made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf; and

        d.      Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

27.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of Class arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

28.    <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed Class.

29.    <u>Predominance</u>. Defendants have engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

30.    <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 6

are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claims, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

31. <u>Injunctive and Declaratory Relief Appropriate.</u> Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
**Negligent Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Spam Texts**
**(Brought on behalf of Plaintiff and members of the Class)**

32. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making unsolicited commercial text calls to the cellular telephone numbers of Plaintiff and members of the Class.

34. As a result of Defendants' and/or thier affiliates, agents, and/or other persons or entities acting on Defendants' behalf's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every text call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 7

on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making unsolicited commercial text calls to cellular telephone numbers, in the future.

### SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Spam Texts
### (Brought on behalf of Plaintiff and members of the Class)

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

37. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making unsolicited commercial text calls to the cellular telephone numbers of Plaintiff and members of the Class.

38. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every text call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

39. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making unsolicited commercial text calls to cellular telephone numbers, in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against Defendants as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 8


D.  A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.  An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.  An award to Plaintiff and the Class of damages, as allowed by law;

G.  An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.  Leave to amend this Complaint to conform to the evidence presented at trial; and

I.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 8th day of April, 2014.

By: *[signature]*
Joseph A. Fitapelli

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
Beth E. Terrell, *pro hac vice motion forthcoming*
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

*Attorneys for Plaintiff and the Proposed Class*