| | | |
|---|---|---|
| 1 | **FITAPELLI & SCHAFFER, LLP** | **TERRELL MARSHALL DAUDT & WILLIE PLLC** |
| | Joseph A. Fitapelli | Beth E. Terrell, *Admitted Pro Hac Vice* |
| 2 | Brian S. Schaffer | Mary B. Reiten, *Admitted Pro Hac Vice* |
| | Frank J. Mazzaferro | 936 North 34th Street, Suite 300 |
| 3 | 475 Park Avenue South, 12th Floor | Seattle, Washington 98103-8869 |
| | New York, New York 10016 | Telephone: (206) 816-6603 |
| 4 | Telephone: (212) 300-0375 | |

5

6

7

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

8

| | |
|---|---|
| 9   CHRISTINA MELITO and RYAN METZGER individually and on behalf of all others similarly situated, | NO. 1:14-cv-02440-VEC |
| 10 | |
| 11   Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| 12   v. | **DEMAND FOR JURY** |
| 13   AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, and EBAY ENTERPRISE, INC., f/k/a EBAY ENTERPRISE MARKETING SOLUTIONS, INC. a Delaware corporation, | |
| 14 | |
| 15 | |
| 16 | |
| 17   Defendants. | |

18

19     Plaintiffs Christina Melito and Ryan Metzger (hereinafter referred to as "Plaintiffs"), by

20  their undersigned counsel, for this class action complaint against Defendants American Eagle

21  Outfitters, AEO Management Co., eBay Enterprise, Inc., f/k/a eBay Enterprise Marketing

22  Solutions, and their present, former, or future direct and indirect parent companies, subsidiaries,

23  affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants") allege as

24  follows:

25

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 1
CASE NO. 1:14-CV-02440-VEC

**INTRODUCTION**

1.    Nature of Action.    Plaintiffs, individually and as class representatives for all others similarly situated, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

2.    Plaintiffs.  Plaintiff Christina Melito ("Melito") is a citizen of New York, residing in Suffolk County, New York.

3.    Plaintiff Ryan Metzger ("Metzger") is a citizen of Oklahoma, residing in Payne County, Oklahoma.

4.    Defendant American Eagle Outfitters, Inc.  American Eagle Outfitters, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.  AEO is registered to do and is doing business in New York, including in the Southern District, and throughout the United States.

5.    Defendant AEO Management Co.  AEO Management Co. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.  AEO Management is registered to do and is doing business in New York, including in the Southern District, and throughout the United States.  Collectively, Defendants American Eagle Outfitters, Inc. and AEO Management Co. are referenced herein as "AEO".

6.    Defendant eBay Enterprise, Inc., f/k/a eBay Enterprise Marketing Solutions ("eBay") is a Delaware corporation with its principal place of business in King of Prussia, Pennsylvania. eBay is registered to do and is doing business in New York, including in the Southern District, and throughout the United States.

**JURISDICTION AND VENUE**

7.    Subject Matter Jurisdiction.    This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 2
CASE NO. 1:14-CV-02440-VEC

1
2
3
4

8.     Personal Jurisdiction.   This Court has personal jurisdiction over Defendants because it has submitted to New York jurisdiction by registering with the Secretary of State to do business in the state of New York, and the wrongful acts alleged in this Complaint were committed in New York.

5
6

9.     Venue.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside in the district.

7

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

8
9

10.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10
11
12
13
14
15

11.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

16
17
18
19
20

12.    The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

21
22
23
24
25

13.    Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

26
27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 3
CASE NO. 1:14-CV-02440-VEC

14.     The FCC confirmed this principle in 2013, when it explained that "a seller ….
may be held vicariously liable under federal common law principles of agency for violations of
either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In
the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

### Defendant AEO

15.     Defendant American Eagle Outfitters, Inc. is a publicly traded company and is a
leading global specialty retailer offering high-quality clothing, accessories, and personal care
products at affordable prices under its American Eagle Outfitters and Aerie brands.

16.     Defendant AEO Management Co. is a subsidiary of Defendant AEO and operates
Defendant AEO's website and promotions.

17.     AEO utilizes bulk marketing by advertising through Short Message Services.  The
term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone
subscribers to use their cellular telephones to send and receive short text messages, usually
limited to 160 characters.

18.     AEO makes SMS calls using ATDS equipment and software to cellular
telephones whose owners have not provided prior express consent to receive such calls ("Spam
Texts"), including Plaintiffs.

### Defendant eBay

19.     Defendant eBay is part of eBay Inc., a publicly traded company, and provides a
variety of marketing services to clients including Defendant AEO.

20.     Until November 21, 2013, Defendant eBay provided marketing services to AEO
which included the transmission of text messages through SMS.

21.     Defendant eBay make SMS calls using ATDS equipment and software to cellular
telephones whose owners have not provided prior express consent to receive such calls,
including Plaintiffs.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 4
CASE NO. 1:14-CV-02440-VEC

**Plaintiff Melito**

22.     Beginning in or around February 2014, Melito received numerous Spam Text messages from or on behalf of AEO on her cellular telephone.

23.     The Spam Text messages were from short code 324-53 and advertised promotions such as, "AEO:  Free AEO Jeans," "AEO: Award Worthy Outfits:  Get up to $30 off your purchase…," "AEO:  Every fit & length you could ever want.  20% off when you buy our newest shorts…," "AEO:  Party all weekend!  25% off today or 20% off Sat & Sun…," "AEO: Flip flop you don't stop:  FREE flip flops when you buy any two AEO shorts," and "AEO:  Introducing American Beagle Outfitters:  the first line for you & your dog!"

24.     The Spam Text messages direct the recipient to go to the websites: http://dqs.co/8hy86u,   on.ae.com/outfit,   on.ae.com/Award,   on.ae.com/AEOshorts,   ae.com, on.ae.com/Lucky, on.ae.com/flipflop, and/or on.ae.com/ABO.

25.     Each of the websites is owned, maintained, and/or operated by Defendant AEO.

26.     Melito did not provide prior express consent, either written or oral, to receive Spam Text messages on her cellular telephone from or on behalf of AEO.

27.     AEO is responsible for making the above-described Spam Text messages.

28.     AEO has made a large number of Spam Text messages to persons in New York and throughout the United States.

29.     AEO intends to continue to make similar Spam Text messages to persons in New York and throughout the United States.

**Plaintiff Metzger**

30.     Beginning in or around December 2012, a time period in which eBay sent text messages on behalf of AEO, Metzger received numerous Spam Text messages from or on behalf of Defendants on his cellular telephone.

31.     The Spam Text messages advertised promotions offered by AEO.

1    32.    On several occasions, Metzger attempted to opt-out of receiving text messages

2  from Defendants by texting "STOP" in response to the text messages he received from

3  Defendants.

4    33.    Despite Metzger's attempts to opt-out, he continued to receive text messages from

5  Defendants.

6    34.    Metzger did not provide prior express consent, either written or oral, to receive

7  Spam Text messages on his cellular telephone from or on behalf of Defendants.

8    35.    Defendants are responsible for making the above-described Spam Text messages.

9    36.    Defendants have made a large number of Spam Text messages to persons in

10  Oklahoma and throughout the United States.

11    37.    Defendants intend to continue to make similar Spam Text messages to persons in

12  Oklahoma and throughout the United States.

13  **AEO CLASS ACTION ALLEGATIONS**

14    38.    Class Definition.  Pursuant to CR 23(b)(2) and (b)(3), Plaintiffs bring this case as

15  a class action on behalf of National Classes as defined as follows:

16
17    AEO Spam Text Class:  All persons in the United States who:  (a)
      received a text message sent by AEO and/or a third party acting on
18    AEO's behalf; (b) promoting AEO's goods or services; (c) on their
      cellular telephone line; (d) that were sent using an automatic
19    telephone dialing system; (e) at any time in the period that begins
      four years before April 8, 2014 to trial.
20
      AEO Revocation Class:  All persons in the United States who:  (a)
21    received a text message sent by AEO and/or a third party acting on
      AEO's behalf; (b) after unsubscribing from receiving further text
22    messages from AEO; (c) on their cellular telephone line; (d) that
      were sent using an automatic telephone dialing system; (e) at any
23    time in the period that begins April 8, 2014 to trial.

24    AEO Internal DNC Class:  All persons in the United States who:
25    (a) received more than one text message, initiated by AEO and/or
      on AEO's behalf; (b) promoting AEO's goods or services; (c)
26    more than 30 days after requesting not to receive further text
      messages; (d) in a 12-month period; (e) on their cellular telephone
27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 6
CASE NO. 1:14-CV-02440-VEC

1          line; and (f) at any time in the period that begins April 8, 2014 to
           trial.

2

3                          **EBAY CLASS ACTION ALLEGATIONS**

4          39.    Class Definition.  Pursuant to CR 23(b)(2) and (b)(3), Plaintiffs bring this case as

a class action on behalf of National Classes as defined as follows:

5

6          eBay Spam Text Class:  All persons in the United States who:  (a)
           received a text message sent by eBay and/or a third party acting on
7          eBay's behalf; (b) promoting AEO's goods or services; (c) on their
           cellular telephone line; (d) that were sent using an automatic
8          telephone dialing system; (e) at any time in the period that begins
           four years before the date of filing this First Amended Complaint
9          to trial.

10         eBay Revocation Class:  All persons in the United States who:  (a)
           received a text message sent by eBay and/or a third party acting on
11         eBay's behalf; (b) after unsubscribing from receiving further text
           messages from eBay; (c) on their cellular telephone line; (d) that
12         were sent using an automatic telephone dialing system; (e) at any
           time in the period that begins four years before the date of filing
13         this First Amended Complaint to trial.

14
           eBay DNC Class:  All persons in the United States who:  (a)
15         received more than one text message, initiated by eBay and/or on
           eBay's behalf; (b) promoting AEO's goods or services; (c) more
16         than 30 days after requesting not to receive further text messages;
           (d) in a 12-month period; (e) on their cellular telephone line; and
17         (f) at any time in the period that begins four years before the date
           of filing this First Amended Complaint to trial.
18

19    Excluded from the AEO Spam Text Class, the AEO Revocation Class, and the AEO Internal

20    DNC Class are AEO, any entity in which Defendants AEO have a controlling interest or that has

21    a controlling interest in AEO, and Defendant AEO's legal representatives, assignees, and

22    successors.  Excluded from the eBay Spam Text Class, the eBay Revocation Class, and the eBay

23    Internal DNC Class is eBay, any entity in which eBay has a controlling interest or that has a

24    controlling interest in eBay, and eBay's legal representatives, assignees, and successors.  Also

25    excluded from the aforementioned, collectively referenced as "Classes," is the judge to whom

26    this case is assigned and any member of the Judge's immediate family.

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 7
CASE NO. 1:14-CV-02440-VEC

1    40.    Numerosity.    The Classes are so numerous that joinder of all members is

2  impracticable.    On information and belief, the Classes each have more than 1,000 members.

3  Moreover, the disposition of the claims of the Classes in a single action will provide substantial

4  benefits to all parties and the Court.

5    41.    Commonality.    There are numerous questions of law and fact common to

6  Plaintiffs and members of the Classes.  These common questions of law and fact include, but are

7  not limited to, the following:

8    a.    As to Plaintiffs and members of the AEO Spam Text Class, whether AEO and/or

9  their affiliates, agents, and/or other persons or entities acting on AEO's behalf violated 47 U.S.C.

10  § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to the cellular telephone numbers

11  of Plaintiffs and members of the AEO Spam Text Class;

12    b.    As to Plaintiffs and members of the AEO Spam Text Class, whether AEO and/or

13  their affiliates, agents, and/or other persons or entities acting on AEO's behalf knowingly and/or

14  willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to

15  the cellular telephone numbers of Plaintiffs and members of the AEO Spam Text Class, thus

16  entitling Plaintiffs and members of the AEO Spam Text Class to treble damages;

17    c.    As to Plaintiff Metzger and members of the AEO Revocation Class, whether AEO

18  and/or their affiliates, agents, and/or other persons or entities acting on AEO's behalf violated

19  47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to the cellular

20  telephone numbers of Plaintiff Metzger and members of the AEO Revocation Class after

21  unsubscribing from receiving such text calls;

22    d.    As to Plaintiff Metzger and members of the AEO Revocation Class, whether AEO

23  and/or their affiliates, agents, and/or other persons or entities acting on AEO's behalf knowingly

24  and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text

25  calls to the cellular telephone numbers of Plaintiffs and members of the AEO Revocation Class

26  after unsubscribing from receiving such text calls, thus entitling Plaintiffs and members of the

27  AEO Spam Text Class to treble damages;

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 8
CASE NO. 1:14-CV-02440-VEC

e.  As to Plaintiff Metzger and members of the AEO Internal DNC Class, whether AEO and/or their affiliates, agents, and/or other persons or entities acting on AEO's behalf violated 47 C.F.R. § 64.1200(d) by initiating any text call for telemarketing purposes to the cellular telephone numbers of Plaintiff Metzger and members of the Internal DNC Class without following procedures for maintaining a list of persons who request not to receive telemarketing text calls;

f.  As to Plaintiff Metzger and members of the AEO Internal DNC Class, whether AEO and/or their affiliates, agents, and/or other persons or entities acting on AEO's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing text calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiff Metzger and members of the AEO Internal DNC Class to treble damages;

g.  Whether AEO is liable for ATDS generated text messages promoting AEO's products and/or services made by AEO's affiliates, agents, and/or other persons or entities acting on AEO's behalf;

h.  Whether AEO is liable for text calls to persons on AEO's internal do-not-call list made by AEO's affiliates, agents, and/or other persons and entities acting of AEO's behalf;

i.  Whether AEO and/or their affiliates, agents, and/or other persons or entities acting on AEO's behalf should be enjoined from violating the TCPA in the future;

j.  As to Plaintiffs and members of the eBay Spam Text Class, whether eBay and/or their affiliates, agents, and/or other persons or entities acting on eBay's behalf violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to the cellular telephone numbers of Plaintiffs and members of the eBay Spam Text Class;

k.  As to Plaintiffs and members of the eBay Spam Text Class, whether eBay and/or their affiliates, agents, and/or other persons or entities acting on eBay's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to

1    the cellular telephone numbers of Plaintiffs and members of the eBay Spam Text Class, thus

2    entitling Plaintiffs and members of the eBay Spam Text Class to treble damages;

3           l.   As to Plaintiff Metzger and members of the eBay Revocation Class, whether eBay

4    and/or their affiliates, agents, and/or other persons or entities acting on eBay's behalf violated

5    47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text calls to the cellular

6    telephone numbers of Plaintiff Metzger and members of the eBay Revocation Class after

7    unsubscribing from receiving such text calls;

8           m.  As to Plaintiff Metzger and members of the eBay Revocation Class, whether eBay

9    and/or their affiliates, agents, and/or other persons or entities acting on eBay's behalf knowingly

10   and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited commercial text

11   calls to the cellular telephone numbers of Plaintiffs and members of the eBay Revocation Class

12   after unsubscribing from receiving such text calls, thus entitling Plaintiffs and members of the

13   eBay Spam Text Class to treble damages;

14          n.   As to Plaintiff Metzger and members of the eBay Internal DNC Class, whether

15   eBay and/or their affiliates, agents, and/or other persons or entities acting on eBay's behalf

16   violated 47 C.F.R. § 64.1200(d) by initiating any text call for telemarketing purposes to the

17   cellular telephone numbers of Plaintiff Metzger and members of the eBay Internal DNC Class

18   without following procedures for maintaining a list of persons who request not to receive

19   telemarketing text calls;

20          o.   As to Plaintiff Metzger and members of the eBay Internal DNC Class, whether

21   eBay and/or their affiliates, agents, and/or other persons or entities acting on eBay's behalf

22   knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for

23   maintaining a list of persons who request not to receive telemarketing text calls in the future,

24   pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiff Metzger and members of the eBay

25   Internal DNC Class to treble damages;

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 10
CASE NO. 1:14-CV-02440-VEC

1          p.   Whether eBay is liable for ATDS generated text messages promoting AEO's

2   products and/or services made by eBay's affiliates, agents, and/or other persons or entities acting

3   on eBay's behalf;

4          q.   Whether eBay is liable for text calls to persons on eBay's internal do-not-call list

5   made by eBay's affiliates, agents, and/or other persons and entities acting of eBay's behalf; and

6          r.   Whether eBay and/or their affiliates, agents, and/or other persons or entities

7   acting on eBay's behalf should be enjoined from violating the TCPA in the future.

8       42.   Typicality.  Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs'

9   claims, like the claims of Classes arise out of the same common course of conduct by Defendants

10  and are based on the same legal and remedial theories.

11      43.   Adequacy.  Plaintiffs will fairly and adequately protect the interests of the

12  Classes.  Plaintiffs have retained competent and capable attorneys with significant experience in

13  complex and class action litigation, including consumer class actions and TCPA class actions.

14  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

15  Classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have

16  interests that are contrary to or that conflict with those of the proposed Classes.

17      44.   Predominance.  Defendants have engaged in a common course of conduct toward

18  Plaintiffs and members of the Classes.  The common issues arising from this conduct that affect

19  Plaintiffs and members of the Classes predominate over any individual issues.  Adjudication of

20  these common issues in a single action has important and desirable advantages of judicial

21  economy.

22      45.   Superiority.  A class action is the superior method for the fair and efficient

23  adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply

24  with the TCPA. The interest of individual members of the Classes in individually controlling the

25  prosecution of separate claims against Defendants is small because the damages in an individual

26  action for violation of the TCPA are small.  Management of these claims is likely to present

27  significantly fewer difficulties than are presented in many class claims because the text calls at

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 11
CASE NO. 1:14-CV-02440-VEC

1
2
3
4

issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

5
6
7
8
9
10
11

46.    <u>Injunctive and Declaratory Relief Appropriate</u>.   Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiffs allege that the automated text calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

12
13

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)**
**(Brought on behalf of Plaintiffs and members of the Spam Text Class)**

14
15

47.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

16
17
18
19

48.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making unsolicited commercial text calls to the cellular telephone numbers of Plaintiffs and members of the Spam Text Class.

20
21
22
23
24

49.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and members of the Spam Text Class presumptively are entitled to an award of $500 in damages for each and every text call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

25
26
27

50.    Plaintiffs and members of the Spam Text Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or

1  entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by

2  making unsolicited commercial text calls to cellular telephone numbers, in the future.

3
## SECOND CAUSE OF ACTION
4  **Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C.**
**§ 227(b)(1)(A)**
5  **(Brought on behalf of Plaintiffs and members of the Spam Text Class)**

6       51.     Plaintiffs reallege and incorporate by reference each and every allegation set forth

7  in the preceding paragraphs.

8       52.     The foregoing acts and omissions of Defendants and/or their affiliates, agents,

9  and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

10  knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making

11  unsolicited commercial text calls to the cellular telephone numbers of Plaintiffs and members of

12  the Spam Text Class.

13       53.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or

14  entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. §

15  227(b)(1)(A)(iii), Plaintiffs and members of the Spam Text Class are entitled to treble damages

16  of up to $1,500 for each and every text call in violation of the statute, pursuant to 47 U.S.C. §

17  227(b)(3).

18       54.     Plaintiffs and members of the Spam Text Class are also entitled to and do seek

19  injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or

20  entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by

21  making unsolicited commercial text calls to cellular telephone numbers, in the future.

22
## THIRD CAUSE OF ACTION
23  **Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)**
**(Brought on behalf of Plaintiff Metzger and members of the Revocation Class)**
24       55.     Plaintiffs reallege and incorporate by reference each and every allegation set forth

25  in the preceding paragraphs.

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 13
CASE NO. 1:14-CV-02440-VEC

1  56.    The foregoing acts and omissions of Defendants and/or their affiliates, agents,

2  and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

3  violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making unsolicited commercial text

4  calls to the cellular telephone numbers of Plaintiff Metzger and members of the Revocation Class

5  after unsubscribing from receiving such text calls.

6  57.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or

7  entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii),

8  Plaintiffs and members of the Revocation Class presumptively are entitled to an award of $500

9  in damages for each and every text call in violation of the statute, pursuant to 47 U.S.C.

10  § 227(b)(3)(B).

11  58.    Plaintiffs and members of the Revocation Class are also entitled to and do seek

12  injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or

13  entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by

14  making unsolicited commercial text calls to cellular telephone numbers that have been

15  unsubscribed from receiving such text calls, in the future.

16

## FOURTH CAUSE OF ACTION
17  **Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)**
18  **(Brought on behalf of Plaintiffs and members of the Revocation Class)**

19  59.    Plaintiffs reallege and incorporate by reference each and every allegation set forth

20  in the preceding paragraphs.

21  60.    The foregoing acts and omissions of Defendants and/or their affiliates, agents,

22  and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

23  knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making

24  unsolicited commercial text calls to the cellular telephone numbers of Plaintiff Metzger and

25  members of the Revocation Class after unsubscribing from receiving such text calls.

26  61.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or

27  entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. §

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 14
CASE NO. 1:14-CV-02440-VEC

227(b)(1)(A)(iii), Plaintiff Metzger and members of the Revocation Class are entitled to treble damages of up to $1,500 for each and every text call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

62.     Plaintiff Metzger and members of the Revocation Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making unsolicited commercial text calls to cellular telephone numbers that have been unsubscribed from receiving such text calls, in the future.

## FIFTH CAUSE OF ACTION
### Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5)
### (Brought on behalf of Plaintiff Metzger and members of the Internal DNC Class)

63.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

64.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any text call for telemarketing purposes to Plaintiff Metzger and members of the Internal DNC Class, without following procedures for maintaining a list of persons who request not to receive telemarketing text calls ("internal do-not-call list").  This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

65.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of 47 C.F.R. § 64.1200(d), Plaintiff Metzger and members of the Internal DNC Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

66.     Plaintiff Metzger and members of the Internal DNC Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 15
CASE NO. 1:14-CV-02440-VEC

1   persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) by failing

2   to follow procedures for maintaining a list of persons who request not to receive telemarketing

3   text calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

4                              **SIXTH CLAIM FOR RELIEF**

5   **Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5)**
    **(Brought on behalf of Plaintiff Metzger and members of the Internal DNC Class)**

6       67.     Plaintiffs reallege and incorporate by reference each and every allegation set forth

7   in the preceding paragraphs.

8       68.     The foregoing acts and omissions of Defendants and/or their affiliates, agents,

9   and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

10  knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any text call for

11  telemarketing purposes to Plaintiff Metzger and members of the Internal DNC Class without

12  following procedures for maintaining a list of persons who request not to receive telemarketing

13  text calls.  This includes Defendants' failure to properly record do-not-call requests, failure to

14  maintain a record of do-not-call requests, and failure to honor do-not-call requests.

15      69.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or

16  entities acting on Defendants' behalf's knowing and/or willful violations of 47 C.F.R.

17  § 64.1200(d), Plaintiff Metzger and members of the Internal DNC Class are entitled to an award

18  of treble damages of up to $1,500 for each and every call in violation of the internal do-not-call

19  list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

20      70.     Plaintiff Metzger and members of the Internal DNC Class are also entitled to and

21  do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other

22  persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) by failing

23  to follow procedures for maintaining a list of persons who request not to receive telemarketing

24  text calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

25

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 16
CASE NO. 1:14-CV-02440-VEC

1

2

3

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Classes, pray for judgment against Defendants as follows:

4
    A.     Certification of the proposed Classes;

5
    B.     Appointment of Plaintiff Melito and Plaintiff Metzger as representatives of the

6
Spam Text Class;

7
    C.     Appointment of Plaintiff Metzger as representative of the Revocation Class;

8
    D.     Appointment of Plaintiff Metzger as representative of the Internal DNC Class;

9
    E.     Appointment of the undersigned counsel as counsel for the Classes;

10
    F.     A declaration that Defendants and/or their affiliates, agents, and/or other related

11
entities' actions complained of herein violate the TCPA;

12
    G.     An order enjoining Defendants and/or their affiliates, agents, and/or other related

13
entities, as provided by law, from engaging in the unlawful conduct set forth herein;

14
    H.     An award to Plaintiffs and the Classes of damages, as allowed by law;

15
    I.     An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by

16
law and/or equity;

17
    J.     Leave to amend this Complaint to conform to the evidence presented at trial; and

18
    K.     Orders granting such other and further relief as the Court deems necessary, just,

19
and proper.

20

**DEMAND FOR JURY**

21
Plaintiffs demand a trial by jury for all issues so triable.

22

23

24

25

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 17
CASE NO. 1:14-CV-02440-VEC

1

RESPECTFULLY SUBMITTED AND DATED this 2nd day of December, 2014.

2

FITAPELLI & SCHAFFER, LLP

3

By:   /s/ Joseph A. Fitapelli

4

Joseph A. Fitapelli
Email: jfitapelli@fslawfirm.com

5

Brian S. Schaffer
Email:  bschaffer@fslawfirm.com

6

Frank J. Mazzaferro
Email:  fmazzaferro@fslawfirm.com

7

475 Park Avenue South, 12th Floor

8

New York, New York 10016
Telephone:  (212) 300-0375

9

Facsimile:  (212) 481-1333

10

TERRELL MARSHALL DAUDT

11

& WILLIE PLLC

12

By:  /s/ Beth E. Terrell, *Admitted Pro Hac Vice*

13

Beth E. Terrell, *Admitted Pro Hac Vice*
Email:  bterrell@tmdwlaw.com

14

Mary B. Reiten, *Admitted Pro Hac Vice*
Email:  mreiten@tmdwlaw.com

15

936 North 34th Street, Suite 300

16

Seattle, Washington  98103-8869
Telephone:  (206) 816-6603

17

Facsimile:  (206) 350-3528

18

*Attorneys for Plaintiffs and the Putative Class*

19

20

21

22

23

24

25

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 18
CASE NO. 1:14-CV-02440-VEC

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on December 2, 2014, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Craig J. Mariam
Email:  cmariam@gordonrees.com
Kristie Morgan Simmerman, *Admitted Pro Hac Vice*
Email: ksimmerman@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile:  (877) 306-0043

Richard T. Victoria, *Admitted Pro Hac Vice*
Email: rvictoria@gordonrees.com
GORDON & REES LLP
707 Grant St, Suite 3800
Pittsburgh, PA 15219
Phone: (412) 577-7400
Facsimile: (412) 347-5461

*Attorneys for Defendants*

Lisa M. Simonetti, *Admitted Pro Hac Vice*
Email: lsimonetti@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067
Telephone:  (310) 556-5800
Facsimile:  (310) 556-5959

*Attorney for eBay Enterprise, Inc.*

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 19
CASE NO. 1:14-CV-02440-VEC

1    DATED this 2nd day of December, 2014.

2                              TERRELL MARSHALL DAUDT
                                   & WILLIE PLLC
3

4                              By:  /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
                                    Beth E. Terrell, *Admitted Pro Hac Vice*
5                                   Email:  bterrell@tmdwlaw.com
                                    936 North 34th Street, Suite 300
6                                   Seattle, Washington  98103-8869
                                    Telephone:  (206) 816-6603
7                                   Facsimile:  (206) 350-3528

8
                               *Attorneys for Plaintiffs and the Putative Class*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 20
CASE NO. 1:14-CV-02440-VEC