UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MELITO, CHRISTOPHER LEGG, ALISON PIERCE, and WALTER WOOD, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, and EXPERIAN MARKETING SOLUTIONS, INC.,<br><br>     Defendants;<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation,<br><br>     Cross-Plaintiffs,<br><br>  v.<br><br>EXPERIAN MARKETING SOLUTIONS, INC., a Delaware corporation,<br><br>     Cross-Defendant. | No. 1:14-cv-02440 (VEC)<br><br>**DEFENDANTS AMERICAN EAGLE OUTFITTERS, INC. AND AEO MANAGEMENT CO.'S THIRD-PARTY COMPLAINT AGAINST EXPERIAN MARKETING SOLUTIONS, INC.** |

  Defendants American Eagle Outfitters, Inc. ("American Eagle") and AEO Management Co. ("AEO Mgt.") (collectively, "AEO") in this action brought by Plaintiffs Christina Melito, Christopher Legg, Alison Pierce, and Walter Wood, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this third-party complaint against Experian Marketing Solutions, Inc. ("Experian") as follows:

## PARTIES

1. Both American Eagle Outfitters, Inc. and AEO Management Co. are Delaware corporations with their principal places of business in Pittsburgh, Pennsylvania.  AEO Management Co. is a subsidiary of defendant American Eagle Outfitters, Inc.

2. Upon information and belief, Experian is a Delaware corporation with its primary place of business located in Costa Mesa, California.  Upon information and belief, Experian is licensed to do business and, upon information and belief, does do business in New York, including the Southern District of New York.

3. Plaintiff Christina Melito ("Plaintiff Melito") is a citizen of New York, residing in Suffolk County, New York.

4. Plaintiff Christopher Legg ("Plaintiff Legg") is a citizen of Florida, residing in Broward County, Florida.

5. Plaintiff Alison Pierce ("Plaintiff Pierce") is a citizen of New York, residing in Erie County, New York.

6. Plaintiff Walter Wood ("Plaintiff Wood") is a citizen of California, residing in Santa Barbara County, California.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the state law claims asserted in this matter are within the Court's supplemental jurisdiction, as the third-party claims are related to the suit based on federal question jurisdiction arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

2

8. This Court has personal jurisdiction over Experian because they have submitted to New York jurisdiction by registering with the Secretary of State to do business in the state of New York, and some part of the acts giving rise to this Complaint were committed in New York.

9. Venue is proper in this district based because the claims herein arise directly from and as a result of the claims asserted by the Plaintiffs against AEO in the action pending in this court.

## STATEMENT OF FACTS

10. American Eagle offers clothing, accessories and personal care products under its American Eagle Outfitters and aerie brands. In marketing these products, American Eagle has engaged in mobile marketing whereby text messages have been sent to consumers by or on behalf of Experian. At all times material hereto, AEO understood and believed that all recipients of such text messages had requested and consented to receive such messages.

11. Christina Melito, Christopher Legg, Alison Pierce, and Walter Wood, individually and on behalf of several putative classes (collectively "Plaintiffs"), have brought this action asserting claims against "AEO" and Experian alleging violations of 47 U.S.C. § 227, et seq., the Telephone Consumer Protection Act ("TCPA"). See Consolidated Third Amended Class Action Complaint for Damages and Injunctive Relief (Dkt. 119) ("Complaint").

12. In the Complaint, Plaintiffs collectively assert two general theories in support of their TCPA claims against the defendants. They allege that: (1) they received promotional texts messages without granting express written consent to receive them; and/or (2) they continued to receive such messages after making a request to no longer receive the messages ("opting-out").

13. AEO disputes and continues to deny these claims and allegations.

3

14. Additionally, AEO has not directly sent and does not directly send mobile marketing text messages to consumers who have requested such messages, instead relying upon vendor Experian to do so.  Further, Experian was responsible for making certain that consumers' requests to "opt-out" were honored.

15. As such and for the further reasons set forth below, to the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, Experian is liable in whole or in part directly and/or to AEO for such damages.

16. On or about December 1, 2009, AEO contracted with Experian to provide additional marketing services, which, at the time, did not include text messaging, and entered into an e-marketing services agreement schedule ("Experian Services Schedule").  A true and correct copy of the Experian Services Schedule is attached to the Declaration of Erica Dudash (Dkt. 172) as Exhibit B and is incorporated herein by reference as if set forth in its entirety.  *See* Dkt. 172-2.

17. The Experian Services Schedule includes an indemnification provision, stating in part:

> Experian shall Indemnify, defend and hold harmless Client and its officers, directors, and employees from and against any and all Claims to the extent arising as a result of any: (i) infringement of any United States patent, copyright, trade secret, or other intellectual property right in connection with the Experian Data or the e-Marketing Services; or (ii) **Experian violation of any applicable federal, state or local law**, regulation, rule or judicial or administrative order in Experian's performance of the e-Marketing Services.

*See* Dkt. 172-2, Dudash Dec. Ex. B at ¶ 8.1 (emphasis added).

18. The Experian Services Schedule was signed concurrently with Experian's Standard Terms and Conditions ("Experian T&C"), which incorporated the Experian Services

4

Schedule. A true and correct copy of the Experian T&C is attached to the Dudash Dec. as Exhibit C and is incorporated herein by reference as if set forth in its entirety. *See* Dkt. 172-3.

19. At the time they were executed, these agreements governed services provided by Experian limited to primarily marketing by e-mail.

20. However, the Experian Services Schedule contemplated that additional "statements of work," or "SOWs" could be added in the future pursuant to the terms of the e-Marketing Services Schedule and the Experian T&C, as evidenced by the following language in Section 2 of the Experian Services Schedule: "Each SOW shall reference this Schedule and shall be deemed incorporated herein." *See* Dkt. 172-2, Dudash Dec. Ex. B at ¶ 2.

21. Further, the Experian T&C contained the following language: "[b]oth parties agree to comply with all federal, state and local laws, rules, and regulations applicable to each party's receipt and use of data provided to the other." *See* Dkt. 172-3, Dudash Dec. Ex. C at ¶ 6.

22. On or about July 10, 2013, the parties added a new statement of work in the form of an agreement that added text message-based advertising for mobile cellular phones, using a Experian marketing platform called CheetahMobile. A true and correct copy of the CheetahMobile Statement of Work ("SOW") is attached to the Dudash Dec. as Exhibit "D" and is incorporated herein by reference as if set forth in its entirety. *See* Dkt. 172-4.

23. Upon information and belief, at the time of executing the Experian Services Schedule, it was the parties' intention to include SMS messaging under the "e-Marketing Services" umbrella, as further evidenced by the preamble language in the SOW that states the "SOW is hereby incorporated into the Agreement and made a part thereof." *See* Dkt. 172-4, Dudash Dec. Ex. D. Language in section 9(e) of the SOW states the following:

> Notwithstanding anything to the contrary in the Agreement, this SOW or any other agreement between the parties, Experian shall not be liable for

> indemnifying Client pursuant to the indemnification clause in the Agreement against any patent infringement Claims…Client shall retain risk with respect to such Claims.

*See* Dkt. 172-4, Dudash Dec. Ex. D.

24. Ultimately, pursuant to the SOW, in or about October 2013, AEO transitioned away from its former vendor, eBay Enterprise, Inc., moving its text-messaging marketing services program entirely over to Experian.

25. Pursuant to its contractual and common law obligations to AEO, Experian had a duty and obligation to comply with the TCPA, including, but not limited to, honoring all consumer requests to opt out.

### FIRST CAUSE OF ACTION
### Contractual Indemnity

26. American Eagle re-alleges and incorporates by reference each and every allegation set forth above in the preceding paragraphs.

27. American Eagle entered into an enforceable agreement with Experian requiring Experian to, among other things, provide text messaging services to American Eagle and to avoid violations of federal law, at all relevant times.

28. American Eagle performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the agreement with Experian, including making all payments due and owing thereunder.

29. The Experian Services Schedule, Experian T&C, and SOW contained an express obligation by Experian to indemnify, defend, and hold harmless American Eagle.

30. Pursuant to the terms of the Experian Services Schedule, Experian T&C, and SOW, American Eagle is entitled to contractual indemnification from Experian.

31. American Eagle has incurred and continues to incur defense costs arising from Plaintiffs' claims for which Experian is responsible.

32. Further, pursuant to its contract with Experian, to the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, Experian is liable in whole or in part directly and/or to AEO for such damages.

## SECOND CAUSE OF ACTION
### Breach of Contract

33. American Eagle re-alleges and incorporates by reference each and every allegation set forth above in the preceding paragraphs.

34. As set forth above, American Eagle entered into an enforceable agreement with Experian requiring Experian to, among other things, provide marketing services to American Eagle and to avoid violations of federal law, at all relevant times.

35. To the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, Experian breached the Experian Services Schedule, Experian T&C, and SOW by, among other things, failing to adhere and comply with relevant federal law in fulfilling its duties under the Services Schedule, Experian T&C, and SOW.

36. Experian breached the Experian Services Schedule, Experian T&C, and SOW by, among other things, failing to indemnify and defend American Eagle in this lawsuit.

37. American Eagle has been damaged in an amount to be proven at trial based on the facts alleged herein, including, but not limited to, all attorneys' fees and costs incurred in defending itself in this action as well as the amount of any judgment entered against American Eagle, if any, or any other payment provided to Plaintiffs from American Eagle in connection with the resolution of this action.

38. Further, to the extent that services provided by Experian were in violation of law or not in accordance with the terms of the contract between American Eagle and Experian, American Eagle is entitled to return of payments made for such services.

**THIRD CAUSE OF ACTION**
**Common Law Indemnification**

39. AEO re-alleges and incorporates by reference each and every allegation set forth above in the preceding paragraphs.

40. AEO believes, and on that basis alleges, that it has committed no wrongdoing as alleged in Plaintiffs Complaint.

41. In accordance with the business relationship between the parties and Experian's duties as professionals in the mobile marketing and text messaging field, Experian was required to, among other things, avoid violations of federal law and comply with the TCPA, including, but not limited to, honoring consumer requests to opt out.

42. To the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, Experian's failure to properly comply with, among other things, the TCPA caused and/or exacerbated the allegations pled in Plaintiffs' Complaint.  Thus, AEO believes, and on that basis alleges, that some or all of the damages alleged by Plaintiffs in the Complaint were caused by and are the responsibility of Experian.

43. Consequently, Experian has a common-law duty to indemnify, defend, and hold harmless AEO and, to the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, Experian is liable in whole or in part directly and/or to AEO for such damages.

## FOURTH CAUSE OF ACTION
**Negligence**

44. AEO re-alleges and incorporates by reference each and every allegation set forth above in the preceding paragraphs.

45. Experian was each in a close and mutually beneficial professional relationship with AEO to perform marketing and text messaging services.

46. Experian owed a duty to AEO to perform such services carefully, diligently, professionally, and within the standards of care expected and anticipated of other professionals in their field.

47. Experian owed a duty to AEO to act diligently, professionally, and within the standards of care expected and anticipated of other professionals in their field in communicating with consumers and AEO customers.

48. Upon information and belief, Experian, being a professional in the text messaging business, was and should have been, at all times material hereto, well versed in the requirements, obligations and potential penalties imposed upon parties sending text messages by the TCPA. Indeed, the TCPA requirements were fundamental to its text messaging business. As such, to the extent that Experian did not comply with the TCPA, such conduct was reckless and grossly negligent.

49. To the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, Experian's recklessness and/or gross negligence in failing to comply with the requirements of the TCPA directly caused such damages.

50. Thus, to the extent that AEO is found to be liable to Plaintiffs for damages arising from any of the claims asserted in the Complaint, which is denied, such liability is the direct and

proximate result of the gross negligence and carelessness of Experian and AEO is entitled to recover such damages from Experian.

## PRAYER FOR RELIEF

WHEREFORE, American Eagle Outfitters, Inc. and AEO Management Co. pray for judgment against Experian as follows:

1. For defense and indemnification in the present action in an amount in excess of $75,000;

2. For compensatory damages in excess of $75,000 an amount to be proven at trial;

3. For consequential and incidental damages in an amount to be proven at trial,

4. For punitive damages where permitted by law;

5. For costs and disbursements incurred herein, including attorneys' fees, where permitted by law and/or agreement of the parties; and

6. For such other relief as the Court may deem appropriate and/or is permitted by law.

## DEMAND FOR JURY TRIAL

American Eagle Outfitters, Inc. and AEO Management Co. demand a trial by jury in this action for all issues so triable.

Respectfully Submitted,

GORDON & REES LLP

Dated: May 5, 2016     By:   /s/ Richard T. Victoria
                                                  Richard T. Victoria
                                                  *Admitted Pro Hac Vice*
                                                  Email: rvictoria@gordonrees.com
                                                  707 Grant Street, Suite 3800
                                                  Pittsburgh, Pennsylvania 15219
                                                  Telephone:  (412) 577-7400

                                                  Craig J. Mariam
                                                  Email: cmariam@gordonrees.com
                                                  633 West Fifth Street, Suite 5200

        Los Angeles, California 90071
        Telephone:  (213) 576-5000
        Facsimile:  (877) 306-0043

        Kirstie M. Simmerman
        *Admitted Pro Hac Vice*
        Email: ksimmerman@gordonrees.com
        2100 Ross Avenue, Suite 2800
        Dallas, Texas 75201
        Telephone:  (214) 231-4660

*Attorneys for Defendants American Eagle Outfitters, Inc. and AEO Management Co.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2016, I caused the foregoing to be electronically filed with the Clerk of Court using the Court's electronic filing system, which will send notification of such filing to the following unless indicated otherwise below:

Joseph A. Fitapelli
Email: jfitapelli@fslawfirm.com
Brian Scott Schaffer
Email: bschaffer@fslawfirm.com
Frank Joseph Mazzaferro
Email: fmazzaferro@fslawfirm.com
Fitapelli & Schaffer, LLP
475 Park Avenue South, 12th Floor
New York, NY 10016

Beth E. Terrell
Email: bterrell@tmdwlaw.com
Mary Reiten
Email: mreiten@tmdwlaw.com
Email: AMcEntee@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869

Scott D. Owens
E-mail:scott@scottdowens.com
Patrick C. Crotty
Email: pccrotty@gmail.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, Florida 33019

Keith J. Keogh
Email: keith@keoghlaw.com
Michael S. Hilicki
Email: mhilicki@keoghlaw.com
KEOGH LAW, LTD
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603

Joseph J. Siprut
Email: jsiprut@siprut.com
Ismael T. Salam
Email: isalam@siprut.com

SIPRUT PC
17 N. State Street, Suite 1600
Chicago, IL 60602

Bradley K. King
Email: bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA 90069

Vincent D. Howard
Email: vhoward@howardlawpc.com
Gregory H.D. Alumit
Email: galumit@howardlawpc.com
Howard Law, PC
675 Anton Boulevard, First Floor
Costa Mesa, California 92626

David M. Arbogast
Email: david@arbogastlawpc.com
Arbogast Law
8117 W. Manchester Avenue, Suite 530
Playa Del Rey, California 90293

Christopher M. Lomax
Email: clomax@jonesday.com
JONES DAY
600 Brickell Avenue
Brickell World Plaza, Suite 3300
Miami, Florida 33131

Richard J. Grabowski
Email: rgrabowski@jonesday.com
John A. Vogt
Email: javogt@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612

Paul B. Green
Email: bartgreen@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017

                                      */s/ Richard T. Victoria*
                                      Richard T. Victoria