UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MELITO, CHRISTOPHER LEGG, ALISON PIERCE, and WALTER WOOD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, and EXPERIAN MARKETING SOLUTIONS, INC.,<br><br>      Defendant.<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation,<br><br>      Cross-Plaintiff,<br><br>      v.<br><br>EXPERIAN MARKETING SOLUTIONS, INC. a Delaware corporation,<br><br>      Cross-Defendant. | No. 1:14-cv-02440-VEC |

**EXPERIAN MARKETING SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

JONES DAY
222 EAST 41ST STREET
NEW YORK, NEW YORK  10017
TEL: (212) 326-3939

ATTORNEYS FOR DEFENDANT
EXPERIAN MARKETING SOLUTIONS, INC.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

SUMMARY OF ALLEGATIONS ....................................................................................... 2

LEGAL ARGUMENT ........................................................................................................... 3

    I.    LEGAL STANDARD................................................................................................ 3

    II.    PLAINTIFFS' THIRD AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(1) FOR LACK OF STANDING ................. 4

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011) ...................................................................................................3

*Hollingsworth v. Perry*,
   133 S. Ct. 2652 (2013) .............................................................................................................3

*Jones v. Halstead Mgmt. Co., LLC*,
   81 F. Sup. 3d 324 (S.D.N.Y. 2015) .....................................................................................1, 4

*Khan v. Children's Nat'l Health Sys.*,
   No. TDC-15-2125, 2016 WL 2946165 (D. Md. May 19, 2016) ..............................................5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .............................................................................................................3, 4

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ....................................................................................................3

*Nationwide Mut. Ins. Co. v. Venmar Ventilation, Inc.*,
   No. 07-3133, 2008 WL 4867253 (D. Minn. Nov. 4, 2008) ......................................................4

*Palm Beach Golf Center-Boca, Inc. v. Sarris*,
   781 F.3d 1245 (2015) ...............................................................................................................7

*Raines v. Byrd*,
   521 U.S. 811 (1997) .................................................................................................................6

*Robichaw v. Horizon House, Inc.*,
   No. 07-3968, 2008 WL 2152249 (E.D. Pa. May 22, 2008) .....................................................4

*Sartin v. EKF Diagnostics, Inc.*,
   No. CV 16-1816, 2016 WL 3598297 (E.D. La. July 5, 2016) ............................................2, 8

*Smith v. Ohio State Univ.*,
   No. 2:15-CV-3030, 2016 WL 3182675 (S.D. Ohio June 8, 2016) ..........................................6

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ................................................................................................ *passim*

*Stoops v. Wells Fargo Bank, N.A.*,
   3:15-cv-83, 2016 WL 3566266 (W.D.P.A. June 24, 2016) ................................................ 2, 8

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ................................................................................................................ 5

*Susan B. Anthony List v. Driehaus*,
   134 S. Ct. 2334 (2014) ........................................................................................................... 3

*Valley Forge Christian Coll. v. Americans United for Separation of Church and
   State, Inc.*,
   454 U.S. 464 (1982) ................................................................................................................ 6

*Vermont Agency of Natural Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000) ................................................................................................................ 6

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
   549 F.3d 100 (2d Cir. 2008) ................................................................................................... 3

**OTHER AUTHORITIES**

Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1457 (3d ed.) ........................................................ 3

Third-party defendant, Experian Marketing Solutions, Inc., respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Consolidated Third Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## INTRODUCTION

AEO recently sought and obtained leave of Court to file a third-party complaint against Experian seeking indemnification for AEO's text message marketing practices. In its third party complaint, AEO expressly denies any liability to Plaintiffs, but nonetheless maintains that, "to the extent that AEO is found to be liable to Plaintiffs for damages," Experian should be held liable to AEO. Thus, as pleaded, each of AEO's claims against Experian is wholly derivative of Plaintiffs' pending claims against AEO.

This is significant. Rule 14 specifically authorizes Experian to assert any defense that AEO would have against the Plaintiffs' claims. *See* F.R.C.P. Rule 14(a)(2)(c). In fact, district courts regularly grant motions to dismiss a plaintiff's underlying complaint brought by a third-party defendant facing derivative claims of the type alleged here. *See*, *e.g.*, *Jones v. Halstead Mgmt. Co., LLC*, 81 F. Sup. 3d 324, 327 n.1 (S.D.N.Y. 2015) ("A third-party-defendant may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim, which includes failure to state a claim pursuant to Rule 12(b)(6)." (quoting Fed. R. Civ. P. 14(a)(2)(C)). Experian now brings such a challenge under Rule 12.

As this motion demonstrates, although Plaintiffs allege to have received text messages in violation of the Telephone Consumer Protection Act (TCPA), Plaintiffs have not alleged that they suffered any injury—let alone a "concrete and particularized" injury—caused by the receipt of such text messages. Instead, Plaintiffs merely plead that, because they allegedly received text messages in violation of the TCPA, they "presumptively" are entitled to statutory damages, *see* Dkt. No. 119, ¶¶ 97, 102, 107 & 112, without any allegation of suffering an actual "concrete and particularized" injury. Indeed, the words "injury" and "harm" do not appear anywhere in the complaint.

This is fatal. In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court recently confirmed that a bare procedural violation of a federal statute—without an allegation of a "concrete and particularized" injury—does not give rise to Article III standing. Last week, following *Spokeo*, the district court in *Sartin v. EKF Diagnostics, Inc.*, No. CV 16-1816, 2016 WL 3598297, at *3 (E.D. La. July 5, 2016), based upon virtually indistinguishable allegations, dismissed TCPA claims under Rule 12(b)(1). *See id.* ("[T]he complaint's only reference to any kind of injury appears in a single sentence, which states that defendants' failure to comply with the TCPA's requirements 'caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages'"); *see also Stoops v. Wells Fargo Bank, N.A.*, 3:15-cv-83, 2016 WL 3566266, at *9 (W.D.P.A. June 24, 2016) (same; dismissing TCPA claims pursuant to *Spokeo* for plaintiff's failure to plead any injury beyond a mere statutory violation).

So too here, Plaintiffs have not alleged a concrete injury-in-fact—but instead, merely allege a "presumptive[]" entitlement to statutory damages based upon an alleged violation of a federal statute. That is insufficient to establish constitutional standing. Thus, pursuant to *Spokeo*, Plaintiffs lack standing under Article III, and their Third Amended Complaint against AEO must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). And, because AEO's claims are wholly derivative of Plaintiffs' claims, AEO's third-party complaint against Experian must be dismissed as well.

## SUMMARY OF ALLEGATIONS

In their operative Third Amended Consolidated Complaint, Plaintiffs allege that they received unauthorized text messages containing AEO advertising. (*Id.* ¶¶ 45-84.) They assert that, because these text messages were sent in violation of the TCPA, they are "presumptively" entitled to statutory damages. (*See* Dkt. No. 119, ¶¶ 97, 102, 107 & 112.) None of the Plaintiffs alleges to have suffered any harm, or incurred any costs, as a result of receiving these allegedly unauthorized text messages. For its part, AEO maintains that, if, but only if, Plaintiffs prevail on their claims against AEO, Experian is liable to AEO for such losses. (Dkt. No. 206.)

## LEGAL ARGUMENT

I.  **LEGAL STANDARD**

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (quoting U.S. Const. Art. III, § 2).  The "doctrine of standing" is "an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The "irreducible constitutional minimum" for establishing standing is that a "plaintiff must have suffered an 'injury in fact,'" by sustaining an "actual or imminent" harm that is "concrete and particularized."  *Ibid.* (quotation marks omitted); *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Lujan*, 504 U.S. at 560-61). A plaintiff bears the burden of establishing the elements of constitutional standing.  *Spokeo*, 136 S. Ct. at 1547, citing *Lujan*, 504 U.S. at 561.

Because the standing requirement is jurisdictional, *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008), a standing challenge is properly raised in a Rule 12(b)(1) motion to dismiss.  *Id.*  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the constitutional power to adjudicate it.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a 12(b)(1) motion based upon the pleadings, therefore, the plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).  The failure to do so warrants dismissal.  *Id.*

Furthermore, where, as here, the claims against a third-party defendant are wholly derivative of the plaintiff's claims against the third-party plaintiff, Federal Rule of Civil Procedure 14(a)(2)(C) provides that the third-party defendant may assert any defense that the third-party plaintiff may have against the original plaintiff's claim.  This rule not only prevents any prejudice that might result from the third-party plaintiff's failure to assert a particular defense against the plaintiff, but also reduces the possibility of collusion between the plaintiff and defendant.  Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1457 (3d ed.).

Consistent with this rule, numerous courts have granted motions to dismiss a plaintiff's underlying complaint brought by a third-party defendant. *See*, *e.g.*, *Jones*, 81 F. Supp. 3d at 327 n.1 ("A third-party-defendant may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim, which includes failure to state a claim pursuant to Rule 12(b)(6)." (quoting Fed. R. Civ. P. 14(a)(2)(C)); *Robichaw v. Horizon House, Inc.*, No. 07-3968, 2008 WL 2152249, at *1-2 (E.D. Pa. May 22, 2008) (same); *see also Nationwide Mut. Ins. Co. v. Venmar Ventilation, Inc.*, No. 07-3133, 2008 WL 4867253, at *4 9(D. Minn. Nov. 4, 2008) ("A third-party defendant may assert any defense that the third-party plaintiff has to plaintiff's claims."). Thus, even though Experian no longer is a party to Plaintiffs' complaint, Experian, by virtue of the fact that it is defending itself against derivative claims as a third-party defendant, has the right to bring a challenge to Plaintiffs' affirmative claims against AEO under Rule 12(b)(1).

## II. PLAINTIFFS' THIRD AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(1) FOR LACK OF STANDING

Article III's restriction of the "judicial power of the United States" to "cases" and "controversies" requires a private plaintiff to demonstrate his or her standing to maintain an action in federal court. The most important element of the standing inquiry is the existence of an injury-in-fact that is "concrete," "actual," and "particularized." *Lujan*, 504 U.S. at 560. The Supreme Court has recognized a variety of types of harm that can constitute injury-in-fact, including pecuniary loss; lost business opportunities; loss of enjoyment of public resources; and discriminatory treatment based on race, sex or some other prohibited characteristic. *Spokeo*, 136 S. Ct. at 1549-50 (cataloging cases).

In *Spokeo*, the plaintiff asserted that he could satisfy the injury-in-fact requirement without alleging any concrete harm. That is, he maintained that his allegation of a violation of "his statutory rights"—standing alone—sufficed to establish injury-in-fact. Writing for the majority, Justice Alito explained that an "[i]njury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting

the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)). That is, a bare statutory violation is insufficient for purposes of establishing constitutional standing. Rather, to "establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 559-60).

The Court in *Spokeo* further explained that, to qualify as "concrete," an injury "must actually exist," and it must be "'real' and not 'abstract.'" *Id*. This means that a plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. This means that a "bare procedural harm" under a federal statute, "divorced from any concrete harm," does not "satisfy the injury-in-fact requirement." *Id.*; *see also Khan v. Children's Nat'l Health Sys.*, No. TDC-15-2125, 2016 WL 2946165, at *7 (D. Md. May 19, 2016) (applying *Spokeo* to find lack of standing involving alleged violations of statutes).

The Court's decision in *Spokeo* is consistent with its prior precedent. The Supreme Court consistently has held that Congress may not override Article III's requirement of injury-in-fact. "[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). That "hard floor" necessitates allegations of concrete harm: The Constitution's text and history—and the common law tradition at the time of the Founding—show that concrete harm is essential to establish injury-in-fact. *Spokeo*, 136 S. Ct. at 1548-49.

For multiple reasons, Plaintiffs' allegations that AEO violated the TCPA, and that Plaintiffs therefore are "presumptively" entitled to statutory damages, *see* Dkt. No. 119, ¶¶ 97, 102, 107 & 112, are insufficient to establish a "concrete and particularized" injury:

- <u>First</u>, an alleged legal violation of the TCPA, without any concrete harm, does not satisfy the injury-in-fact requirement. *Spokeo*, 136 S. Ct. at 1549. Again, "Congress cannot

erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines*, 521 U.S. at 820 n.3 (*citing Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979)).  Any argument to the contrary cannot be squared with *Spokeo*, Article III itself, the Supreme Court's standing precedents, or the separation-of-powers principles upon which they rest.  Injury-in-fact requires real-world harm, not just a bare statutory violation.  *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 487 n.24 (1982) ("Neither the Administrative Procedure Act, nor any other congressional enactment, can lower the threshold requirements of standing under Art. III.").

- •     <u>Second</u>, the availability of statutory damages cannot substitute for concrete harm. *Spokeo*, 136 S. Ct. at 1545, 1548-49.  It has long been established that the "private interest" in the outcome of a suit created by a statutory bounty is "insufficient to give a plaintiff standing." *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000).  Nor is the requirement of concrete harm somehow vitiated by the ability of plaintiffs in certain circumstances to recover "presume[ed]" statutory damages.  That is because presumed damages are limited to those who suffer concrete harm:  their purpose is to ensure a recovery in situations in which there may be problems of quantification and proof, not to provide damages to uninjured plaintiffs.  *Spokeo*, 136 S. Ct. at 1545, 1548-49.

This Court accordingly should hold that Plaintiffs' allegations of bare violations of a federal statute, without any accompanying concrete harm, are insufficient to establish injury-in-fact and, consequently, Plaintiffs' lack Article III standing.  *See Smith v. Ohio State Univ.*, No. 2:15-CV-3030, 2016 WL 3182675, at *4 (S.D. Ohio June 8, 2016) (finding plaintiffs lacked standing to pursue FCRA claims where they alleged that their "privacy was invaded," but "admitted that they did not suffer a concrete consequential damage as a result of [the] alleged breach of the FCRA").  Such a holding not only would comport with *Spokeo*, but also would fall in line with numerous other district and circuit courts to evaluate constitutional standing under the TCPA.

For example, although decided before *Spokeo*, the Eleventh Circuit's opinion in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245, 1251-53 (2015), is particularly instructive. There, the Eleventh Circuit held that a business suffered a concrete injury sufficient to confer Article III standing when it received an unsolicited fax advertisement in violation of the TCPA. *Id*. The Eleventh Circuit began its analysis with the proposition that "where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights." *Id.* at 1251. In enacting the TCPA, Congress recognized that such a "concrete, particularized, and personal injury occurs" when an unsolicited fax "occupies the recipient's fax machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." H.R. Rep. No. 102-317, at 10 (1991). In other words, the "concrete" injury under the TCPA in *Palm Beach* was "the loss of the use of [the plaintiff's] fax machines during the transmission of fax data." *Palm Beach*, 781 F.3d at 1252 (citing H.R. Rep. No. 102-317, at 10 (1991)). Thus, although the fax at issue in *Palm Beach* was never printed or seen by the plaintiff, the fax transmission "rendered [plaintiff's] fax machine 'unavailable for legitimate business messages while processing . . . the junk fax.'" *Id.* at 1252. Because this harm was "among the injuries intended to be prevented by the statute and is sufficiently personal or particularized to Palm Beach Golf," the plaintiff had standing. *Id.* at 1252-53.

Here, in sharp contrast, Plaintiffs have not, and cannot, allege a comparable concrete, personal, and particularized injury. An unsolicited text message does not "occup[y]" a cellular telephone, or render it "unavailable for legitimate [text] messages," like an unsolicited fax occupies a fax machine. *Id.* at 1252; *see also* H.R. Rep. No. 102-317, at 10 (1991). Users can continue to receive "legitimate" text messages while also receiving unsolicited ones. Unlike the plaintiff in *Palm Beach*, who not only alleged a violation of a right defined by Congress, but also concrete harm caused by that violation, Plaintiffs have not plausibly alleged any harm caused by the alleged TCPA violations in this case. Instead, and again, the only damage alleged in the

complaint is a "presumptive[]" entitlement to statutory damages due to an alleged technical violation of a federal statute divorced from any concrete and particularized injury arising from that technical violation.

Based upon nearly identical facts, the district court in *Sartin* recently dismissed TCPA claims under Rule 12(b)(1) because "the complaint's only reference to any kind of injury appears in a single sentence, which states that defendants' failure to comply with the TCPA's requirements 'caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual damages, including but not limited to those contemplated by Congress and the [Federal Communications Commission].'"  2016 WL 3598297, at *3.  That is insufficient.  *Id*. The district court in *Stoops* reached the same conclusion.  2016 WL 3566266, at *9 ("To have standing to pursue her TCPA claim, Plaintiff must allege that Defendant violated her 'legally protected interest.'").  But just as in *Sartin* and *Stoops*, the Plaintiffs here have not alleged that AEO violated any "legally protected interest" by virtue of transmitting text messages allegedly in violation of the TCPA; instead, Plaintiffs allege a bare procedural violation of the TCPA, asserting that they "presumptively" are entitled to statutory damages, *see* Dkt. No. 119, ¶¶ 97, 102, 107 & 112, without <u>any</u> showing of suffering an actual concrete and particularized injury. That is insufficient to establish constitutional standing.  *Spokeo*, 136 S. Ct. at 1548-49.

## CONCLUSION

Because Plaintiffs allege "a bare procedural violation, divorced from any concrete harm," they have not alleged an injury-in-fact, and lack standing to proceed on their claims against AEO. The Court should therefore dismiss Plaintiffs' Third Amended Complaint for lack of Article III standing. As AEO's claims are wholly derivative of Plaintiffs' claims, AEO's third-party complaint against Experian must be dismissed as well.

Dated:  July 7, 2016                                JONES DAY

                                                             By: */s/ John A. Vogt*
                                                                   John A. Vogt
                                                              Attorneys for Third-Party Defendant
                                                              EXPERIAN MARKETING SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2016, a true and correct copy of the foregoing was served by U.S. Mail on all counsel or parties of record on the Service List below.

*/s/Yuri Nomiyama*
Yuri Nomiyama

## SERVICE LIST

Keith J. Keogh
Michael Hilicki
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093
*Attorneys for Plaintiffs*

Beth Terrell
Terrell Marshall Daudt & Willie PLLC
936 N. 34th Street, Suite 300
Seattle, WA 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
*Attorneys for Plaintiffs*

Richard T. Victoria, Admitted Pro Hac Vice
Email: rvictoria@gordonrees.com
GORDON & REES LLP
707 Grant St, Suite 3800
Pittsburgh, PA 15219
Phone: (412) 577-7400
Facsimile: (412) 347-5461
*Attorneys for Defendant American Eagle Outfitters, Inc.*

Scott D. Owens
Scott D. Owens, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 589-0588
*Attorney for Plaintiffs*

Craig J. Mariam, Admitted Pro Hac Vice
Email: cmariam@gordonrees.com
Kristie Morgan Simmerman, Admitted Pro Hac Vice
Email: ksimmerman@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile: (877) 306-0043
*Attorneys for Defendant American Eagle Outfitters, Inc.*

Eric Robert Thompson
GORDON & REES LLP
Email: ethompson@gordonrees.com
200 South Biscayne Boulevard, Suite 4300
Miami, Florida 33131
Telephone: (305) 428-5300
Facsimile: (877) 634-7245
*Attorneys for Defendant American Eagle Outfitters, Inc.*

Jeffrey N. Rosenthal
Email: Rosenthal-J@BlankRome.com
BLANK ROME LLP
One Logan Square 130 North 18th Street
Philadelphia, PA 19103-6998
Telephone: (215) 569-5553
Facsimile: (215) 832-5553
*Attorneys for eBay Enterprise, Inc.*

Joshua Briones, Admitted Pro Hac Vice
Email: jbriones@blankrome.com
Ana Tagvoryan, Admitted Pro Hac Vice
Email: atagvoryan@blankrome.com
Sridavi Ganesan, Admitted Pro Hac Vice
Email: sganesan@blankrome.com
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434
*Attorneys for eBay Enterprise, Inc.*