```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTINA MELITO, CHRISTOPHER LEGG,
ALISON PIERCE and WALTER WOOD, individually
and on behalf of all others similarly situated,

                       Plaintiff,

              -against-

AMERICAN EAGLE OUTFITTERS, INC., and AEO
MANAGEMENT CO.,

                       Defendants.
-------------------------------------------------------------------X
AMERICAN EAGLE OUTFITTERS, INC., and AEO
MANAGEMENT CO.,

                    Third-Party Plaintiffs,

              -against-

EXPERIAN MARKETING SOLUTIONS, INC.,

                    Third-Party Defendant.
-------------------------------------------------------------------X

14-CV-2440 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

The Court assumes familiarity with the facts in the underlying case. Having successfully moved pursuant to Federal Rule of Civil Procedure 14(a) for leave to do so (Dkts. 153, 170) ("Motion for Leave"), Third-Party Plaintiffs American Eagle Outfitters, Inc. and AEO Management Co. (collectively, "AEO") filed a Third-Party Complaint against Experian Marketing Solutions, Inc. ("Experian"), alleging claims for contractual indemnity, breach of contract, common law indemnity, and negligence. Dkt. 206.[1] Having unsuccessfully opposed the Motion for Leave, in a "never-say-die" move, Experian now moves to dismiss the contractual indemnity

---

[1] Leave of court was required because AEO sought to file a third-party complaint more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a).

and common-law indemnity claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 224 ("Motion to Dismiss").  For the following reasons, Experian's Motion to Dismiss the Third-Party Complaint is DENIED.

## DISCUSSION[2]

After reviewing the claims asserted in the proposed third-party complaint, the Court granted AEO's Motion for Leave, concluding that the Court was "persuaded at this stage that AEO's Third Party Complaint would not be futile and adequately alleges claims for contractual indemnification, breach of contract, common law indemnification, and negligence against Experian."  Dkt. 205 ("May 3 Order") at 4.  AEO argues that the May 3 Order should be treated as law of the case.

"The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise."  *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks and citation omitted).  Under this doctrine, a court is not "rigidly [bound by] its former decisions," and a court "may depart from the law of the case for cogent or compelling reasons including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  564 F.3d at 99–100 (internal quotation marks and citation omitted).  The law of the case doctrine "may be properly invoked only if the parties had a full and fair opportunity to litigate the initial determination."  *Westerbeke Corp. v.*

---

[2] To the extent that Experian attempts to argue that the Third-Party Complaint should be dismissed because "AEO's third-party claims against Experian are wholly derivative of Plaintiffs' affirmative claims against AEO," *see* Dkt. 225 at 1, Experian's conclusory assertion ignores that a third party's liability *is* dependent upon the outcome of the main claim and that a third-party defendant may be "potentially secondarily liable as a contributor" to the third-party plaintiff.  *See Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984); *see also Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003).  Therefore, the fact that Plaintiff and AEO have filed notice of a conditional settlement in the main case, *see* Dkt. 238, does not preclude Experian's potential third-party liability.

*Daihatsu Motor Co.*, 304 F.3d 200, 219 (2d Cir. 2002) (citation and internal quotation marks omitted).

The arguments in Experian's Motion to Dismiss are nearly identical to those made in Experian's Opposition to AEO's Motion for Leave (Dkt. 181), which the Court considered and rejected in the May 3 Order. It makes sense that there would be substantial overlap between the briefs because the standard for granting leave to file a third-party complaint includes "whether the third-party complaint states a claim upon which relief can be granted." *See Too,* 213 F.R.D. at 140. A motion to dismiss under Rule 12(b)(6) is decided under an identically-worded standard: whether dismissal of a pleading is warranted for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

No court in this circuit appears to have decided whether the analysis of the factor, "whether the third-party complaint states a claim upon which relief can be granted," in connection with a motion pursuant to Rule 14 is identical to the analysis of whether dismissal is warranted for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). In motions to amend pleadings under Federal Rule of Civil Procedure 15, however, which are analyzed using a standard that "closely tracks" the standard for analyzing Rule 14 motions to file a third-party complaint, *Satterfield v. Maldonado*, No. 14 Civ. 0627(JCF), 2014 WL 4828860, at *3 (S.D.N.Y. Sept. 19, 2014), "many courts have recognized that while the procedural vehicles of a motion to amend and a motion to dismiss are distinct, they nevertheless operate under the same standard." *Firestone v. Berrios*, 42 F. Supp. 3d 403, 413 (E.D.N.Y. 2013); *see also Crippen v. Town of Hempstead*, No. 07-CV-3478 (JFB)(ARL), 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009) ("[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss—namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted."); *see also Nettis v. Levitt,* 241 F.3d 186,

194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss."), *abrogated on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006).

In opposing AEO's argument that this Court's prior decision is the law of the case, Experian cites three cases from courts in the Second Circuit: *Mathie v. Fries*, 935 F. Supp. 1284 (E.D.N.Y. 1996); *Corrado v. New York Unified Court System*, 163 F. Supp. 3d 1 (E.D.N.Y. Feb. 17, 2016), and *Care Environmental Corp. v. M2 Technologies, Inc.*, No. CV-05-1600, 2006 WL 148913 (E.D.N.Y. Jan. 18, 2006).[3]  *Mathie* is distinguishable because the court in *Mathie*, unlike this Court in the May 3 Order, had not considered the merits of the proposed amended pleading. 935 F. Supp. at 1301.[4]  *Corrado*, too, is distinguishable because in that case, the amended pleading added parties that had not had *any* opportunity, let alone a full and fair one, to argue that the claims asserted against them were legally insufficient. *See Corrado*, 163 F. Supp. 3d at 17–18 (internal quotation marks and citation omitted). In contrast, Experian had a full and fair opportunity to oppose AEO's Motion for Leave, which attached a proposed third-party complaint setting forth the very claims for which Experian now seeks dismissal. Lastly, although the *Care Environmental* court, in considering a motion to dismiss, stated that the court's prior grant of a motion to amend the complaint "cannot constitute law of the case," that court's explication of its rationale was

---

[3] Experian additionally cited two out-of-circuit cases: *Waterfront Renaissance Associates v. City of Philadelphia*, 701 F. Supp. 2d 633 (E.D. Pa. 2010), and *Manuel v. Gembala*, No. 7:10-CV-4-FL, 2011 WL 3240493 (E.D.N.C. July 27, 2011). These cases, too, are distinguishable. In *Waterfront Renaissance Associates*, the court "did not decide any issue of law raised in the City's motion to dismiss when it granted Waterfront Renaissance's motion for leave to amend." 701 F. Supp. 2d at 639. Similarly, the court in *Manuel* stated that the grant of leave to amend would not prejudice a later Rule 12(b)(6) motion to dismiss only because "'[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face,'" and it was "not facially obvious that the proposed [pleading] could not survive a motion to dismiss, and [] defendants offer[ed] no arguments as to specific deficiencies that [would] render the amendment futile." 2011 WL 3240493, at *4 n.5 (quoting *Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986)).

[4] Although the court in *Mathie* stated that "[t]o find that the amendment adding the state law claims was not futile is a far cry from a finding of legal sufficiency," *Mathie* also made clear that in granting the plaintiff leave to amend, the judge "did not pass on the merits on the case." *Mathie*, 935 F. Supp. at 1301.

limited to: "the decision to grant a request to amend a complaint and the decision to deny a motion to dismiss are two different issues." 2006 WL 148913, at *8 n.9.  Although the consideration of a motion to amend a complaint and the consideration of a motion to dismiss may present different issues in certain circumstances, *see Mathis* and *Corrado*, no such circumstances are applicable to Experian's Motion to Dismiss: Experian already litigated, and the Court already decided, the question of whether the contractual indemnity and common-law indemnity claims were adequately pled in the Third-Party Complaint.  *See* May 3 Order at 4–8.

Experian does not offer any compelling or cogent reason not to apply the law of the case doctrine.  With respect to the contractual indemnity claim, Experian argues that it was not given the opportunity at the Motion for Leave stage to oppose AEO's assertion that the contracts at issue are ambiguous.  In fact, in opposing the Motion for Leave, Experian argued at length that the contracts at issue did not include an indemnification provision related to the provision of text-message services.  The question of whether the contracts are ambiguous as to their indemnification obligations is just a repackaged version of whether the contracts include indemnification obligations at all.

With respect to the common-law indemnity claim, Experian disputes the May 3 Order's conclusion that a party may be permitted to plead in the alternative common-law indemnification if the contractual indemnification claim fails, and Experian further protests that it had no opportunity to brief at the Motion for Leave stage whether pleading in the alternative was permissible. Experian, however, did not move for reconsideration of the May 3 Order (and, indeed, a motion for reconsideration now would be untimely, *see* Rule 6.3 of the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York), but, in any event, Experian's argument on this point echoes its argument opposing AEO's Motion for

Leave: that the common-law indemnity claim fails if there is an express contractual indemnity agreement. The Court declines to revisit that issue.[5]

Absent any compelling or cogent reason to depart from the May 3 Order, the Court concludes that the law of the case doctrine bars Experian from relitigating issues that the Court already decided in the May 3 Order. *See Firestone*, 42 F. Supp. 3d at 412 ("It would not serve the jurisprudential desire to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit if this Court were to revisit identical legal issues that were previously raised . . . .").

## CONCLUSION

For the foregoing reasons, Experian's Motion to Dismiss the Third-Party Complaint is DENIED. On or before November 21, 2016, the parties must file letters of no longer than three pages discussing whether there is any reason to maintain the stay of discovery relating to claims in the Third-Party Complaint, *see* Dkt. 234. The Clerk of Court respectfully is directed to close Docket Entry 224.

**SO ORDERED.**

**Date: November 7, 2016**
**New York, New York**

                                                                   **VALERIE CAPRONI**
                                                                   **United States District Judge**

---

[5] In any event, although Experian seeks to remedy its failure at the Motion for Leave stage to cite relevant precedent to support its argument that common law indemnity cannot be pled in the alternative, the cases on which it now seeks to rely do not grapple with common law indemnity being pled in the alternative to an *ambiguous* contractual indemnification clause. *See Liftech Consultants Inc. v. Samsung Shipbuilding & Heavy Indus., Ltd.*, No. C 10-2976 SBA, 2010 WL 4510905, at *4 (N.D. Cal. Nov. 2, 2010) (finding that an express contractual indemnity provision covered the disputed circumstance); *see also Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, No. C 09-2007 SBA, 2014 WL 4980302, at *13, *20 (N.D. Cal. Sept. 30, 2014) (same); *Fid. Nat'l Title Ins. Co. v. B & G Abstractors, Inc.*, No. 2:15-cv-835, 2015 WL 6472216, at *8, *10 (W.D. Pa. Oct. 27, 2015) (same); *Carson/DePaul/Ramos v. Driscoll/Hunt*, February Term, 2004 No. 02166, 2006 WL 2009047, at *3 (Pa. Ct. Com. Pl. June 29, 2006) (same); *U.S. Fid. & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 583 (M.D. Pa. 1998) (same); *see also People ex rel. Dep't Pub. Works v. Daly City Scavenger Co.*, 96 Cal. Rptr. 669 (Cal. Ct. App. 1971) (trial court erred in precluding equitable indemnity claim where the contractual indemnity claim did not cover particular occurrence at issue).