UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MELITO, CHRISTOPHER LEGG, ALISON PIERCE, and WALTER WOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, and EXPERIAN MARKETING SOLUTIONS, INC.,<br><br>Defendants. | NO. 1:14-cv-02440-VEC |

**DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Beth E. Terrell, declare as follows:

1.  I am a member of the law firm of Terrell Marshall Law Group PLLC ("TMLG"), counsel of record for Plaintiffs in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of Washington and California. I respectfully submit this declaration in support of Plaintiffs' motion for preliminary approval of the settlement of the above-captioned class action.

2.  TMLG is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, employment, wage and hour, real estate, and personal injury matters. The attorneys of TMLG have extensive experience in class actions, collective actions, and other complex matters. They have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level.

They have prosecuted a variety of multi-million-dollar consumer fraud, wage and hour, securities fraud, and product defect class actions. The defendants in these cases have included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Honda, Sallie Mae, Comcast, ABM Industries, Inc., AT&T, T-Mobile USA, Weyerhaeuser, Behr Products, American Cemwood, Bank of America, Discover Financial Services, Capital One, and HSBC.

3. I am the lead attorney from TMLG in the instant litigation. A founding member of TMLG, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

4. I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMLG in May 2008, I was a member of Tousley Brain Stephens PLLC. I am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

5. I am actively involved in several professional organizations and activities. For example, I am the current Chair of the Consumer Protection Section for the Washington State Association of Justice. I am the current Chair of the Washington Employment Lawyers Association and a member of the Public Justice Foundation's Board of Directors. I serve on the Foundation's Development, Case Evaluation, Membership, and Class Action Preservation Committees.

6. I have been repeatedly named to the annual Washington Super Lawyers list (2005, 2010, 2011, 2012, 2013, 2014, and 2015) by Washington Law & Politics Magazine. I was also named to its Top 100 Washington Super Lawyers list (2014 and 2015) and its Top 50 Women Super Lawyers list (2012, 2013, 2014, and 2015). My work on this case, estimated at

218 hours, was billed at $725.00 per hour.  My firm represented Plaintiffs and the Class on a contingency-fee basis.  In taking this case, my firm risked extensive expert costs, a potentially expensive trial, and lost opportunity costs.  Plaintiffs also faced the risk of losing a jury trial, and the risk that any recovery would be delayed for years by an appeal, or bankruptcy.

7. Adrienne D. McEntee is a member of TMLG.  Ms. McEntee received her B.A. from the University of Washington in 2000, and graduated from the University of Washington School of Law in 2003, where she was a member of the Pacific Rim Law and Policy Journal and Moot Court Honor Board.  Prior to joining TMLG, Ms. McEntee was a member of Tousley Brain Stephens PLLC, where she practiced for five years.  Before entering private practice, Ms. McEntee worked with the King County Prosecuting Attorney's Office, where she prosecuted a broad range of crimes. Ms. McEntee has tried approximately fifty cases and has briefed, argued, and won cases before the Washington State Court of Appeals.  Since her admission to the bar, Ms. McEntee has been an active member of the Washington State Bar Association and a member of the Washington Women Lawyers' Judicial Evaluation Committee.  Ms. McEntee's work on this case, estimated at 235 hours, was billed at $575.00 per hour.

8. Mary B. Reiten is a member of TMLG.  Ms. Reiten received her B.A. with high honors from the University of California, Berkeley in 1991 and graduated from the University of California, Hastings College of Law in 1998.   Prior to joining TMLG, Ms. Reiten was a member of Tousley Brain Stephens PLLC.  Ms. Reiten was also an associate at Lieff Cabraser Heiman & Bernstein for one year and clerked for the superior courts of Sitka, Alaska and San Francisco, California.  Ms. Reiten has represented plaintiffs in several consumer class actions, including *Spafford v. EchoStar*; *Hartman, et al. v. Comcast*; *Richison v. American Cemwood Corp.*; *Zwicker et al. v. General Motors Corporation*; and *Trimble v. Holmes Harbor Sewer District, et al*. In 2004, Ms. Reiten was named a Washington "Rising Star" by Washington Law & Politics magazine. Ms. Reiten's work on this case, estimated at 22 hours, was billed at $575.00 per hour.

9. Erika L. Nusser is a graduate of the University of San Francisco School of Law and has been an associate at TMLG since 2008.  Ms. Nusser concentrates her practice on

complex civil litigation and has represented clients in a wide variety practice on complex civil litigation and class actions ranging from wage and hour, product defect, and consumer fraud cases. Ms. Nusser has tried and won cases in state and federal courts and has also successfully briefed and argued cases before the Washington State Court of Appeals and the Ninth Circuit Court of Appeals. She was named to the annual Rising Star list in Washington Law & Politics for 2013, 2014, and 2015. Ms. Nusser's work on this case, estimated at 34 hours, was billed at $425.00 per hour.

10. Elizabeth A. Adams is a 2012 graduate of the UCLA School of Law, where she received the Order of the Coif and served as a Comments Editor for the UCLA Law Review. Ms. Adams has been an associate with TMLG since early 2015, and she concentrates her practice in complex litigation, including consumer protection and civil rights class actions. Before joining TMLG, Ms. Adams served as a law clerk to the Honorable Dean D. Pregerson, the Honorable George Wu, and the Honorable John A. Kronstadt, all of the United States District Court for the Central District of California. Ms. Adams' work on this case, estimated at 9 hours, was billed at $350.00 per hour.

11. Linda Nguyen, a former associate at TMLG, performed substantial work on this matter. Ms. Nguyen received her B.A. from Tulane University and graduated from the Seattle University College of Law. Ms. Nguyen is a member of the Washington state bar. Ms. Nguyen served as a law clerk to the Honorable Debra L. Stephens of the Washington State Supreme Court. Ms. Nguyen's work on this case, estimated at 112 hours, was billed at $250.00 per hour.

12. Samuel J. Strauss, a former associate at TMLG, also performed substantial work on this matter. Mr. Strauss graduated from the University of Washington School of Law with honors in 2013. Prior to relocating to another state, Mr. Strauss was an active member of the Washington Employment Lawyers Association and Washington State Association for Justice, and was a member of the QLaw Foundation Board of Directors and Unemployment Law Project Board of Directors. Mr. Strauss' work on this case, estimated at 90 hours, was billed at $250.00 per hour.

13. Rachel E. Hoover is a paralegal at TMLG. Ms. Hoover has been a paralegal at TMLG since 2011 and has worked in the legal field since 2001. Ms. Hoover is qualified to perform substantive legal work based on her training and past experience working for attorneys, including attorneys outside of TMLG's offices. The work performed by Ms. Hoover was work that required sufficient knowledge of legal concepts and that I or another attorney would have had to perform absent such assistance. Ms. Hoover's work on this case, estimated at 98 hours, was billed at $275.00 per hour.

14. Bradford K. Kinsey is a legal secretary at TMLG. Mr. Kinsey has been a legal secretary at TMLG since 2009 and has worked in the legal field since 1989. Mr. Kinsey is qualified to perform substantive legal work based on his training and past experience working for attorneys, including attorneys outside of TMLG's offices. Mr. Kinsey's work on this case, estimated at 54 hours, was billed at $225.00 per hour.

15. In addition to Ms. Hoover and Mr. Kinsey, a TMLG law clerk and a number of other staff members performed substantial legal services in connection with this case (estimated at 371 hours), which total approximately $70,000.00 at rates between $100.00 and $275.00 per hour. Those personnel include law clerk Jenna C. Smith and staff members Jennifer J. Boschen, Holly M. Rota, China E. Davis, Samuel A. Hoover, Hannelore K. Ohaus, Megan N. Wildwood, and Razel D. Agostino.

16. TMLG has actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). TMLG has taken the lead in some of the largest nationwide class actions filed under the TCPA, including those filed against large financial institutions such as Sallie Mae, Bank of America, Discover Financial Services, Capital One, and HSBC. I have been appointed co-lead counsel in two of the largest MDLs involving TCPA claims, *In re Capital One Telephone Consumer Protection Act Litigation*, 1:12-cv-10064 (N.D. Illinois), and *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, MDL No. 1:13-MD-2493 (N.D. W. Va.).

17. TMLG is litigating or has recently settled the following Telephone Consumer Protection class actions:

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* I served as court-appointed Interim Co-Lead Counsel; final approval of the $75,455,098.74 settlement was granted in February 2015.

- *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system. The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Rinky Dink, et al. v. Electronic Merchant Systems, et al.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* The case settled on a class-wide basis in 2015; final approval is pending.

- *Ott, et al. v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2015 for $7,483,600, and final approval was granted in January 2016.

- *Lushe, et al. v. Vergengo* – Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones, some of which were listed on the National Do-Not-Call Registry, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2015; final approval is pending.

- *Booth, et al. v. AppStack, et al.*—TMLG represents two certified classes of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the

Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  The case is pending in the United States District Court for the Western District of Washington.

- *Bee, Denning, Inc., et al. v. Capital Alliance Group, et al.*—TMLG represents two certified classes of consumers who received junk faxes and automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case is pending in the United States District Court for the Southern District of California.

- *Rose, et al. v. Bank of America Corp., et al.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.  TMLG worked to negotiate a nationwide settlement of $32,083,905, which was granted final approval in August 2014.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.  TMLG worked to negotiate a $34,000,000 nationwide settlement; final approval is pending.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, prerecorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  I serve as co-lead counsel in the MDL.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.  TMLG worked to negotiate a $24.15 million nationwide settlement, and final approval was granted in 2012.

- *Hanley v. Fifth Third Bank*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the

meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG negotiated a $4.5 million settlement, which was granted final approval in December 2013.

- *Steinfeld v. Discover Financial Services, et al.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG negotiated an $8.7 million settlement, which was granted final approval in March 2014.

- *Chesbro v. Best Buy Stores, L.P.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG negotiated a $4.5 million settlement, which was granted final approval in September 2014.

18. TMLG is litigating or has recently settled the following consumer protection class actions:

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—TMLG represents three certified classes of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution. The case is pending in the United States District Court for the Western District of Washington.

- *Cavnar, et al. v. BounceBack, Inc.*—Filed in 2014 on behalf of Washington consumers who received false, misleading, and deceptive debt collection letters printed on the letter head of county prosecuting attorneys. Plaintiffs' motion for class certification is pending.

- *Jordan v. Nationstar Mortgage, LLC*—After a plaintiff class was certified by a Washington trial court, the action was removed to District Court in 2014. TMLG represents a class of homeowners who were improperly locked out of their homes by their mortgage lender.

- *Soto v. American Honda Motor Corporation*—Filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume motor oil at a much higher rate than intended, due to a systemic design defect. The case settled on a class-wide basis and final approval was granted in March 2014.

- *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting

services in violation of Washington law.  Class settlements were approved by the Court in December 2012 and December 2013.

- *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  A class settlement was approved by the Court in 2013.

- *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  A class settlement was approved by the Court in 2013.

- *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf of owners of 2001-2003 Toyota RAV4s containing defective Electronic Computer Modules, which cause harsh shifting conditions and permanent damage to the transmissions.  TMLG worked to negotiate a nationwide class action settlement, and final approval was granted in January 2012.

- *Kitec Consolidated Cases—*Served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic heating and plumbing systems.  The case settled for $125,000,000, and final approval was granted in 2011.

- *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee when they cancelled service.  A class settlement was approved by the Court in 2011.

19. TMLG is litigating or has recently settled the following privacy/data breach class action:

- *In re: Target Corporation Customer Data Security Breach Litigation*—Filed on behalf of consumers who had their financial and personal information compromised by Target's failure to implement and maintain reasonable security procedures and practices.  Approximately 40 million credit and debit card users who purchased products from Target between November 27 and December 15, 2013 were affected by the data breach.  I currently serve on the Complaint Committee in this multi-district litigation.

- 9 -

20. TMLG is litigating or has recently settled the following wage and hour class actions:

- *Romatka, et al. v. Brinker International Payroll Company, L.P., et al.*—Filed in 2013 on behalf of approximated 900 workers who alleged violations of Washington State wage and hour laws. The case settled on a class-wide basis and approval was granted in March 2015.

- *Newell v. Home Care of Washington, Inc., et al.*—TMLG represented a certified class of more than 400 in-home health care workers who alleged violations of state wage and hour law. The case settled on a class-wide basis, and final approval was granted in January 2015.

- *Paz v. Sakuma Brothers Farms, Inc.*—Filed in 2013 on behalf of migrant and seasonal workers who alleged violations of Washington State wage and hours laws. A class-wide settlement was approved by the Court in December 2014.

- *Hill v. Xerox Business Services, LLC, et al., and Douglas v. Xerox Business Services, LLC, et al.*—TMLG represents two certified classes of current and former call center workers who allege violations of state and federal wage and hour laws. Both cases were filed in 2012 and are pending in the United States District Court for the Western District of Washington.

- *Dickerson v. Cable Communications, Inc., et al.*—Filed in 2012 on behalf of approximately 500 individuals alleging their employer violated Oregon's wage and hour laws. Defendants' systematic scheme of wage and hour violations involved, among other things, failure to pay non-managerial installation technicians for all hours worked, including overtime. The case settled on a class-wide basis, and final approval was granted in 2013.

- *Khadera v. ABM Industries, Inc.*—TMLG represented 337 employees who alleged violations of federal and state wage and hour laws. The case settled, and final approval was granted in 2012.

- *Simpson v. ABM Industries, Inc.*—TMLG represented a CR 23 class of approximately 6,800 employees who alleged Washington State wage and hour violations. The case settled in March 2012, and final approval of the settlement was granted in September 2012.

- *Barnett, et al. v. Wal-Mart Stores, Inc.*—Filed in 2001 on behalf of Washington employees alleging wage and hour violations by the country's largest private employer. After more than seven years of litigation, TMLG obtained a settlement of $35 million on behalf of a certified class of approximately 88,000 employees. That settlement was approved in July 2009.

- *McGinnity, et al. v. AutoNation, Inc., et al.*—TMLG represented a certified class of more than 500 employees who were denied earned vacation benefits. After nearly two years of litigation before an arbitrator, we obtained an award of $2.34 million on behalf of the class. We successfully defended the award on appeal, and the Washington Supreme Court denied Defendants' petition for review. A judgment in excess of $2,600,000 was satisfied in September 2009.

- *Ramirez, et al. v. Precision Drywall, Inc.*—TMLG represented a certified class of workers who alleged they were not paid for overtime work. The case was tried before a jury during a five-week period in 2010, and TMLG successfully obtained a judgment for the workers in excess of $4,000,000. TMLG continues to work on enforcing the judgment against multiple defendants.

21. **Background and Procedural History**. American Eagle Outfitters, Inc. is a leading global specialty retailer offering clothing, accessories, and personal care products under its American Eagle Outfitters and Aerie brands. AEO Management Co. is a subsidiary of American Eagle Outfitters, Inc. and operates American Eagle Outfitters, Inc.'s website and promotions. Plaintiffs have alleged that to market its services and increase its customer volume, AEO retains telemarketers that use an automatic telephone dialing system ("ATDS") to send advertising texts on its behalf. Plaintiffs allege that AEO (or a vendor on its behalf) sent texts to the cell phones of Plaintiffs Christina Melito, Christopher Legg, Alison Pierce, and Walter Wood, even though Plaintiffs never provided AEO with prior express written consent to do so, or after Plaintiffs unsubscribed from receiving text messages from AEO.

22. Plaintiffs further allege that AEO sent these unauthorized texts to class members. Both Plaintiffs and Defendants retained experts to examine the call data at issue. As part of the settlement, the parties agreed to a third database expert to examine the data to identify the class based on the work of the parties' experts. Together, the parties' experts determined that during

the Class Period AEO sent authorized texts to approximately 618,289 unique cell phone numbers.

23. Plaintiff Melito initiated this action on April 8, 2014, when she filed a Complaint in the United States District Court for the Southern District of New York entitled *Melito v. American Eagle Outfitters, Inc. et al.*, No. 1:14-cv-02440 (S.D.N.Y.) (the "*Melito* Action"), alleging that AEO used an ATDS to send text messages to cell phones without the prior express consent of Melito or the putative class members. On May 3, 2014, Plaintiff Legg filed a Complaint in the United States District Court for the Southern District of Florida entitled *Legg v. American Eagle Outfitters, Inc.*, No. 0:14-cv-61058 (S.D. Fla.) (the "*Legg* Action"), alleging that AEO used an ATDS to send text messages to cell phones after class members had unsubscribed from receiving texts. On December 8, 2014, Legg filed an Amended Complaint adding allegations against Experian Marketing Solutions.

24. On December 22, 2014, AEO filed a successful motion to transfer the *Legg* Action to the Southern District of New York pursuant to the First to File Rule, and on January 22, 2015, the *Legg* and *Melito* Actions were consolidated under this case number. Shortly thereafter, Plaintiffs filed a Consolidated Second Amended Complaint against AEO, as well as telemarketing vendors eBay Enterprise, Inc. ("eBay"), and Experian Marketing Solutions, Inc. ("Experian"), alleging that AEO violated the TCPA by sending text messages to cellular telephone numbers without authorization or consent and/or after unsubscribing or requesting not to receive further text messages from AEO.

25. Near this time, Plaintiff Walter Wood filed a Complaint in the United States District Court for the Northern District of Illinois entitled *Wood v. American Eagle Outfitters, Inc*. On March 9, 2016, the Parties Stipulated to transfer the *Wood* Action to the Southern District of New York. On May 12, 2015, AEO successfully filed a Motion to Consolidate the *Wood* Action into the *Melito* Action. Thereafter, on June 26, 2015, Plaintiffs filed a Consolidated Third Amended Complaint against AEO and Experian Marketing Solutions

(eliminating eBay as a party).  The Court subsequently granted Experian's motion to dismiss without prejudice.  AEO then filed a third party action against Experian, which remains pending.

26. AEO denies all material allegations of the Complaints in the *Melito* Action, the *Legg* Action, the *Wood* Action, and the Consolidated Amended Complaints (collectively, the "Actions").  AEO specifically disputes that it sent or caused to be sent text messages to Class Plaintiffs or putative class members without their prior express consent, disputes that it violated the TCPA, and disputes that Class Plaintiffs and putative class members are entitled to any relief from AEO.  AEO further contends that the Actions would not be amenable to class certification if class certification were sought by Class Plaintiffs and opposed by AEO.

27. **Discovery, Mediation, and Settlement Negotiations.**  The parties have actively litigated this action for over two years.  Plaintiffs propounded written discovery requests targeting AEO's telemarketing policies and practices, correspondence relating to the relationship between AEO and its vendors, and the calling data necessary to identify the class and establish the scope of the violations.  AEO produced nearly twenty thousand pages of documents, including email correspondence that sheds light on the control that AEO had over its telemarketing agents.

28. AEO contended that the calling data related to the texts was in the hands of a third party texting platform provider, Archer International.  AEO's marketing vendor, Experian, hired Archer to send texts on AEO's behalf.  Plaintiffs immediately pursued the data, but Archer declared bankruptcy shortly after being served with Plaintiffs' subpoena.  Plaintiffs were forced to hire bankruptcy counsel to navigate the subpoena process.  When their counsel had to withdraw, Plaintiffs started over again with a second law firm.  Eventually, Plaintiffs negotiated with Archer's bankruptcy counsel their production of the data, as well as an order requiring Archer to preserve the data and other assets pending the sale of its assets to Waterfall International, Inc.  After Archer produced calling records that identify the dates and phone numbers to which Archer sent texts on AEO's behalf, Plaintiffs retained an expert witness who analyzed the call records to identify class members and the number of allegedly unlawful calls.

29. Plaintiffs also engaged in additional third party discovery. Prior to including Experian as a defendant, Plaintiffs served Experian with a third party subpoena. Experian resisted the subpoena, and the parties engaged in substantial meet and confer efforts before Experian agreed to produce over 160,000 pages of documents in PDF format that made them more difficult to search. These documents were instrumental in determining the glitches and errors in AEO's, Experian's and Archer's systems that made it possible for the unlawful texts to be sent in the first place.

30. AEO's and Experian's documents were also instrumental to Plaintiffs in deposing AEO's Rule 30(b)(6) designees, Erica Dudash, Clinton Field, and Rafiq Ghaswala, and Experian's Rule 30(b)(6) designee, Michael Puffer. In addition to Plaintiffs taking the depositions of AEO and Experian, AEO took the depositions of Plaintiffs. Plaintiffs also responded to written discovery.

31. During the course of discovery, Plaintiffs learned that AEO's violations continued after the sale of Archer's assets to Waterfall, forcing Plaintiffs to engage in additional third party discovery with Waterfall. As a result of Plaintiffs' efforts, Waterfall and AEO coordinated to obtain data regarding unlawful texts sent after Waterfall's purchase of Archer's assets.

32. The parties also engaged in motions practice. Plaintiff Legg compelled class data from AEO And from third party, eBay. Plaintiffs amended the complaint several times, and responded to motions to dismiss and stay proceedings. The outcome of these motions informed the parties about the strengths and weaknesses of their respective claims and defenses.

33. In addition to the numerous hours TMLG has invested in the prosecution of this case, TMLG has advanced significant costs, estimated at $36,053.11, toward expenses that include, but are not limited to air fare, courier and mailing fees, the cost of electronic production, filing fees, other travel expenses, mediation, and legal fees for bankruptcy counsel. In addition, Plaintiffs' counsel also incurred expert costs in the amount of $44,850, for total costs of $80,903.11.

34. As a result of the extensive discovery they engaged in, by the time the parties commenced settlement negotiations, they understood generally the size of the class, and the extent of class wide damages. The parties mediated with the Honorable Morton Denlow of Judicial Arbitration and Mediation Services, Inc. on June 28, 2016. During that full-day mediation session, the parties made substantial progress but were unable to resolve the case due to disagreement over the size of the class.

35. Eventually, the parties reached agreement and entered into the Settlement Agreement, attached as Exhibit 1. At all times, the parties' settlement negotiations were highly adversarial, non-collusive and at arm's-length. Plaintiffs' counsel were well-informed about the strengths and weaknesses of their case at the time they reached settlement in this case. I believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. Assuming the Court grants the requested attorneys' fees and litigation expenses, Plaintiffs estimate that each Settlement Class member who submits a claim will receive between $142 and $285. This estimate is based on a conservatively estimated claims rate range of 5% to 10%, which is slightly higher than claims rates in recent TCPA actions.

36. The named Plaintiffs were willing and able to prosecute this case by assisting with the drafting of the complaints, providing information regarding their interactions with AEO, responding to written discovery, sitting for depositions, and testifying at trial. Plaintiffs' support of the settlement is independent of any service award and not conditioned on the Court awarding any particular amount or any award at all.

37. The parties have retained KCC to administer the settlement and process claims. The final cost of administration will depend on a several factors, including how many names and addresses AEO has in its possession related to the texts at issue, which will determine how many numbers the administrator must pay third party data sources for names and addresses. AEO is cross-referencing the texts at issue against its databases for this information. However, the cost of administration is estimated at between $408,000 and $647,000.

38.     Finally, in addition to sharing fees with law firms Keogh Law, Ltd., Fitapelli & Schaffer, LLP, and Scott D. Owens, PA, TMLG may share fees with the law firm Ahdoot & Wolfson, PC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 21st day of December, 2016.


  /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
Beth E. Terrell, *Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on December 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Craig J. Mariam, *Admitted Pro Hac Vice*
>Email:  cmariam@gordonrees.com
>Kristie Morgan Simmerman, *Admitted Pro Hac Vice*
>Email: ksimmerman@gordonrees.com
>GORDON & REES LLP
>633 West Fifth Street, Suite 5200
>Los Angeles, California 90071
>Telephone: (213) 576-5000
>Facsimile:  (877) 306-0043
>
>Richard T. Victoria, *Admitted Pro Hac Vice*
>Email: rvictoria@gordonrees.com
>GORDON & REES LLP
>707 Grant St, Suite 3800
>Pittsburgh, PA 15219
>Phone: (412) 577-7400
>Facsimile: (412) 347-5461
>
>Eric Robert Thompson
>GORDON & REES LLP
>Email: ethompson@gordonrees.com
>200 South Biscayne Boulevard, Suite 4300
>Miami, Florida  33131
>Telephone:  (305) 428-5300
>Facsimile:  (877) 634-7245
>
>*Attorneys for Defendants American Eagle Outfitters, Inc., and AEO Management Co.*
>
>Christopher Martin Lomax
>Email: clomax@jonesday.com
>JONES DAY
>600 Brickell Avenue, Suite 3300
>Miami, Florida  33131
>Telephone:  (305) 714-9719
>Facsimile:  (305) 714-9799

John Alexander Vogt, *Admitted Pro Hac Vice*
Email: javogt@jonesday.com
Richard J. Grabowski, *Admitted Pro Hac Vice*
Email: rgrabowski@jonesday.com
Paul Bartholomew Green
Email: bartgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

*Attorneys for Defendant Experian Marketing Solutions, Inc.*

DATED this 21st day of December, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*

Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiffs and the Putative Classes*