UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MELITO, CHRISTOPHER LEGG, ALISON PIERCE, and WALTER WOOD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, and EXPERIAN MARKETING SOLUTIONS, INC.,<br><br>    Defendants. | NO. 1:14-cv-02440-VEC<br><br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/24/2017 |

**ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Melito et al v. American Eagle Outfitters, Inc.</u>, United States District Court for the Southern District of New York, Case No. 1:14-cv-02440-VEC (the "Action"). The Action was brought by plaintiffs Christina Melito, Christopher Legg, Alison Pierce, and Walter Wood (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, against defendant American Eagle Outfitters, Inc ("AEO" and, together with Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.      <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Third Amended Consolidated Class Action Complaint filed in the Southern District of New York on June 26, 2015. <u>See</u> Dkt. 119.

4.      <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons

in the Settlement Class for their consideration (Exs. 1, 3 and 5 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> The approximate 618,289 persons who, on or after April 8, 2010 and through and including the date of entry of the Preliminary Approval Order, received a text message from AEO or any entity acting on its behalf, to her or her unique cellular telephone number, and who did not provide AEO with appropriate consent under the TCPA. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class consists of hundreds of thousands of persons and is so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     Class Representatives.  The Court appoints Plaintiffs to act as the representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     Class Counsel.  The Court appoints Keogh Law, Ltd.; Terrell Marshall Law Group, PLLC; Fitapelli & Schaffer, LLP, and Scott D. Owens, PA as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     Final Approval Hearing.  At **10:00 a.m.** on **August 22, 2017**, in Room 443, Thurgood Marshall Courthouse, 40 Foley Square, New York NY 10007, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than **February 23, 2017**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff.  No later than **August 8, 2017**, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10.     Settlement Claims Administrator.  KCC is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11.     Class Notice.  The Court approves the proposed plan for giving notice to the

Settlement Class directly (using post cards) and through establishment of a Settlement Website,

as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan").  The Notice

Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal

Rules of Civil Procedure and due process, and constitutes the best notice practicable under the

circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete

all aspects of the Notice Plan no later than **March 25, 2017** ("Notice Deadline").

12.      The Claims Administrator will file with the Court by no later than **August 8,**

**2017**, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was

provided in accordance with the Agreement and this Order.

13.     Opt-Out and Objection Deadline.  Persons in the Settlement Class who wish to

either object to the Settlement or request exclusion from the Settlement Class must do so by

**May 24, 2017**, which is sixty (60) calendar days after the Notice Deadline.  Persons in the

Settlement Class may not both object and opt-out.  If a person both requests to opt-out and

objects, the request to opt-out will control.

14.     Exclusion from the Settlement Class.  To request exclusion from the Settlement

Class, a person in the Settlement Class must follow the directions in the Class Notice and send

a compliant request to the Claims Administrator at the address designated in the Class Notice

by the Opt-Out and Objection Deadline.  Exclusion requests must: (a) be signed by the person

in the Settlement Class who is requesting exclusion; (b) include the full nameaddress and class

member ID number, if available, of the person in the Settlement Class requesting exclusion;

and (c) include the following statement: "I/we request to be excluded from the settlement in the

AEO TCPA action."  No request for exclusion will be valid unless all of the foregoing

information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15.     The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17.     All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18.     <u>Objections to the Settlement</u>.  To object to the Settlement, Class  Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (b) AEO's Counsel – Craig Mariam, Gordon & Rees LLP, 633 W. 5th Street Ste. 5200, Los Angeles, CA 90071.  In connection with an objection, the Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number to which text messages were sent; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which such objector desires

the Court to consider. The Court will not consider an objection unless the objection includes all of the foregoing information.

19.     Any Settlement Class Member who fails to comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

21.     Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Classes are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Classes, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to

effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to any person who requests exclusion from the Settlement.

22.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, AEO or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

23.     In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to AEO within 15 days of the event that causes the Agreement to not become effective.

24.     No Admission of Liability.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by AEO, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or

indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

25.     Reasonable Procedures to Effectuate the Settlement.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

26.     Schedule of Future Events.  Accordingly, the following are the deadlines by which certain events must occur:

| March 25, 2017 | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| February 23, 2017 | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| May 24, 2017 | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| May 24, 2017 | Deadline for Class Members to Submit a Claim Form (Claim Period) |
| June 28, 2017 | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |

| August 22, 2017 at 10:00 a.m. | Final Approval Hearing |
| --- | --- |

IT IS SO ORDERED.

Dated: 1/24/2017

_____
Hon. Valerie Caproni
United States District Judge