UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHRISTINA MELITO, CHRISTOPHER
LEGG, ALISON PIERCE, and WALTER
WOOD, individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

AMERICAN EAGLE OUTFITTERS, INC., a
Delaware corporation, AEO
MANAGEMENT CO., a Delaware
corporation.

        Defendants.

NO. 1:14-cv-02440-VEC

**DECLARATION OF KEITH J. KEOGH**

Keith J. Keogh declares under penalty of perjury, that the following statements are true:

1.      I am over the age of eighteen and I am fully competent to make this declaration. This declaration is based upon my personal knowledge and if called upon to testify to the matters stated herein, I could and would do so competently.

2.      This litigation was difficult and contentious. The litigation was robust and Plaintiff repeatedly needed the Court's assistance to obtain discovery.  For example, prior to the *Legg* case being transferred to this court, Legg compelled production of class data from third party e-Bay.  As part of that process, the court in *Legg* ordered an independent expert to assist in the data queries.  *See* ECF 69 in *Legg v AEO*, 14-cv-61058-BLOOM/VALLE (S.D. Fl. November 21, 2014).  Legg also moved to compel class data from AEO as well.  *See ECF 33-1*. This Court assisted in a variety of discovery disputes as well, including during the deposition of Experian when it was a non-party.

3.      Along those lines, Plaintiffs obtained significant third party discovery, including discovery from Archer during its bankruptcy proceedings.  Plaintiffs hired bankruptcy counsel as well as experts to assist with obtaining and analyzing the call data.

4.      In addition, to extensive discovery, the parties actively litigated this case for almost three years as evidenced not just by this Court's docket, but by the docket in *Legg*.

5.      In an effort to reach a resolution, the parties attended a mediation with Magistrate Judge Denlow (Ret.) with JAMS on June 22, 2016.  Although productive, the mediation was unsuccessful. After additional months of litigating this case, the parties reached a resolution in principal on October 12, 2016.

6.      The settlement was based upon extensive information obtained through discovery, expert analysis, and at all times the settlement negotiations were highly adversarial, non-collusive, and at arm's-length.

7.      I am confident in the strength of the claims alleged in the Amended Consolidated Complaint and that Plaintiffs would ultimately prevail at trial. Notwithstanding the foregoing, litigation is inherently unpredictable, and the outcome of a trial is never guaranteed. Thus, I concede that Plaintiffs would face significant risk in taking this case to trial.

8.      Some examples of the risks of this case is that there is the possibility that the 2015 Federal Communications Commission ("FCC") Order regarding ATDS could be reversed, the Court would deny class certification, or that the result at trial would weigh in Defendants' favor. *See e.g. Warnick v. Dish Network, LLC,* 304 F.R.D. 303 (D. Colo. 2014) (denying class certification in a TCPA case); *see also Jamison v. First Credit Services, Inc.,* 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. 2013) (denying class certification in a TCPA case).

9.     The TCPA is a technologically focused statute.  In my experience, I have learned that in order to successfully litigate TCPA class actions, attorneys must understand the mechanics of automatic telephone dialing systems and must understand how computer databases store and organize call records.

10.     In addition, attorneys must closely track pending petitions before the FCC on TCPA issues, as the FCC is very active on TCPA issues and continues to clarify its regulations. For example, I have met with the FCC staff and the commissioner's staff several times to provide consumer positions in response to petitions that would render the TCPA much less effective by drastically broaden consent or limiting the definition of an ATDS that would not fit virtually any modern system that sends texts or make calls.

11.     In 2015, the National Association of Consumer Advocates honored me as the Consumer Attorney of the Year for my work in courts and with the FCC insuring the safeguards of the TCPA were maintained.

12.      My experience in the TCPA is substantial.  I am class counsel in the two largest Telephone Consumer Protection Act ("TCPA") settlements in the country.   *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for a $45 million settlement for a class of 16,000 persons) and *Capital One Telephone Consumer Protection Act Litigation*, et al., 12-cv-10064 (N.D. Ill. Judge Holderman) (Liaison Counsel and additional Class Counsel) (Final Approval Granted February 12, 2015 for a $75 million settlement).

13.     Based on my experience handling Plaintiffs' consumer protection work, including TCPA cases, I believe that the settlement is a terrific result, and in the best interest of the class.

The settlement provides real monetary recovery for class members, and will act as a deterrent for future misconduct by actors considering activities proscribed by the TCPA.

14.     Given the strength of this settlement, the undersigned does not expect significant opposition to the settlement by any of the class members.

15.     In this matter, my firm represented Plaintiffs and the Class on a contingency-fee basis. In taking this case, my firm risked extensive expert costs, a potentially expensive trial, and lost opportunity costs due to the time needed to brief dispositive motions. Plaintiffs also faced the risk of losing a jury trial, and the risk that any recovery would be delayed for years by an appeal.

16.     My firm has incurred the following fee in connection with this matter as of the date of filing preliminary approval:

| Staff | Role | Licensed/Years in Practice | Time | Rate | total | |
|---|---|---|---|---|---|---|
| Keith J. Keogh | Partner | 1999 | 2,101.40 | $600 | $ 1,260,840.00 | |
| Michael Karnuth | Associate | 1999 | 114.8 | $600 | $ 68,880.00 | |
| Michael Hilicki | Associate | 1994 | 67.3 | $600 | $ 40,380.00 | |
| Matthew Seckel | Paralegal | 2007 | 9.1 | $150 | $ 1,365.00 | |
| Kate Bown | Associate | 2012 | 58.3 | $300 | $ 17,490.00 | |
| | | | | | | |
| | | | 2350.9 | | $ 1,388,955.00 | total |

17.     In addition to the above fees, my firm has incurred $17,937.75 to date in expenses and expects to incur an additional $180 by the final approval hearing in out-of-pocket expenses in prosecuting this case. Below is a detailed report of itemized expenses where copying, legal research and the like have been excluded:

| Date | | Description | | | | Amount | | |
|---|---|---|---|---|---|---|---|---|
| 7/2/2014 | | Pro Hac for Mike Hilicki | | | | $ 75.00 | | |
| 7/2/2014 | | FedEx to Owens with MSH Pro Hac | | | | $ 15.00 | | |
| 7/15/2014 | | Pro Hac Fee for Keith Keogh | | | | $ 75.00 | | |
| 10/24/2014 | | Flight for NY Hearing | | | | $ 463.20 | | |
| 10/24/2014 | | Cab from Airport to NY Hearing | | | | $ 48.62 | | |
| 10/24/2014 | | Cab to Airport after NY Hearing | | | | $ 42.50 | | |
| 10/24/2014 | | Uber Home from NY Trip | | | | $ 66.00 | | |
| 11/6/2014 | | Fees to Bush Strout Kornfield | | | | $ 3,268.00 | | |
| 11/20/2014 | | Cab to Airport for 11.21 Hearing | | | | $ 44.00 | | |
| 11/20/2014 | | Flight to FL for 11.21 Hearing | | | | $ 640.20 | | |
| 11/20/2014 | | Cab to Hotel in Ft Lauderdale | | | | $ 29.38 | | |
| 11/21/2014 | | Cab to Airport after 11.21 Hearing | | | | $ 35.00 | | |
| 11/21/2014 | | Uber Home from 11.21 Hearing | | | | $ 62.00 | | |
| 11/21/2014 | | Hotel for 11.21 Hearing | | | | $ 241.98 | | |
| 11/21/2014 | | Credit from Hotel | | | | $ (40.80) | | |
| 12/2/2014 | | FedEx to Victoria with Experian Docs | | | | $ 15.00 | | |
| 12/4/2014 | | Cab to Airport for NY Deps | | | | $ 44.00 | | |
| 12/4/2014 | | Flight to NY for Deps | | | | $ 302.20 | | |
| 12/4/2014 | | Cab to Airport for NY Deps | | | | $ 43.58 | | |
| 12/5/2014 | | Hotel for NY Deps | | | | $ 436.11 | | |
| 12/5/2014 | | Flight Upgrade Charge | | | | $ 60.00 | | |
| 12/5/2014 | | Cab to Airport in NY after Deps | | | | $ 68.00 | | |
| 12/5/2014 | | KJK UBER Home from Airport | | | | $ 68.00 | | |
| 12/11/2014 | | Invoice from Archer | | | | $ 2,550.00 | | |
| 1/6/2015 | | Pro Hac Fee for SDNY for KJK | | | | $ 200.00 | | |
| 1/6/2015 | | Certificate of Good Standing Fee for MSH | | | | $ 1.00 | | |
| 2/4/2015 | | Pro hac Fee for SDNY for MSH | | | | $ 200.00 | | |
| 1/4/2015 | | Invoice for Dep of Puffer | | | | $ 1,507.00 | | |
| 2/11/2015 | | Invoice from JM Reporting for 11.21 Transcript | | | | $ 31.50 | | |
| 3/9/2015 | | Idiscovery Solutions Invoice | | | | $ 3,408.75 | | |
| 11/10/2015 | | MRK Pro Hac | | | | $ 200.00 | | |
| 1/15/2016 | | Invoice from JAMS for Mediation | | | | $ 2,125.00 | | |
| 3/18/2016 | | KJK Flight for 4.22 Hearing | | | | $ 329.20 | | |
| 8/5/2016 | | KJK Parking at Airport for 8.5 Hearing | | | | $ 45.00 | | |
| 8/4/2016 | | KJK Taxi in NY | | | | $ 65.44 | | |
| 8/5/2016 | | KJK Taxi to Airport in NY | | | | $ 43.29 | | |
| 8/5/2016 | | KJK Hotel in NY for 8.5 Hearing | | | | $ 285.78 | | |
| 2/22/2017 | prepaid | KJK Hotel for Final Approval | | | | $ 374.42 | | |
| 2/22/2017 | prepaid | KJK Airfare for Final Approval | | | | $ 469.40 | | |
| 2/22/2017 | anticipated | KJK Taxi/Parking for Final Approval | | | | $ 180.00 | | |
| | | | | | | | | |
| | | | | | | $18,117.75 | Total Expenses | |

### Class Counsel's Experience

18.     As shown above as well as below, my firm has regularly engaged in major complex litigation, that involves, among other consumer protection issues, the Telephone Consumer Protection Act 47 U.S.C. § 227. My firm has the resources necessary to conduct litigation of this nature, and has experience prosecuting class actions of similar size, scope, and complexity to the instant case. Additionally, I have often served as class counsel in similar actions.

19.     Keogh Law, Ltd. consists of six attorneys and focuses on consumer protection cases for both individuals and class actions.  I am a shareholder of the firm and member of the bars of the United States Court of Appeals for the Seventh Circuit, Eastern District of Wisconsin, Northern District of Illinois, Southern District of Indiana, District of Colorado and Illinois State Bar as well as several bar associations and the National Association of Consumer Advocates.

20.     My firm was also class counsel in the three largest all cash FACTA class action settlements:  *Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla., filed July 6, 2014) ($11 million dollars); *Legg v. Spirit Airlines, Inc*., No. 14-cv-61978-JIC (S.D. Fla., filed Aug. 29, 2014) ($7.5 million dollars); and *Muransky v. Godiva Chocolatier, Inc*., 15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) ($6.3 million dollars).

21.     In addition to the above, I was lead or class counsel in the following class settlements, many of which involve claims under the TCPA: *See Joseph et al. v. TrueBlue, Inc. et al.*, Case No. 3:14-cv-05963 (D. Wa.) (TCPA case pending final approval for $5 million for 1,948 class members); *Tripp v. Berman & Rabin, P.A.,* 310 F.R.D. 499 (D. Kan. 2015) (pending preliminary approval); *Willett, et al. v. Redflex Traffic Systems, Inc., et al.*, Case No. 13-cv-01241-JCH-RHS; *In re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation,* Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead) (pending

preliminary approval); *De Los Santos v Millword Brown, Inc.*, 9:13-cv-80670-DPG (S.D. Fl) (TCPA); *Allen v. JPMorgan Chase Bank, N.A.* 13-cv-08285 (N.D. Ill. Judge Pallmeyer) (TCPA); *Cooper v NelNet*, 6:14-cv-314-Orl-37DAB (M.D. Fl.) (TCPA); *Thomas v Bacgroundchecks.*com, 3:13-CV-029-REP (E.D. Va.)(additional class counsel); *Lopera v RMS*, 12-c-9649 (N.D. Ill. Judge Wood),  *Kubacki v Peapod*, 13-cv-729 (N.D. Ill. Judge Mason); *Wojcik v. Buffalo Bills, Inc.*, 8:12 CV 2414-SDM-TBM (M.D. Fl. Judge Merryday) (TCPA); *Curnal v LVNV Funding, LLC.*, 10 CV 1667 (Wyandotte County, KS 2014) (Unlicensed debt collector under KS law); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. Judge Gottschall)  (TCPA) (co-lead); *Brian J. Wanca, J.D., P.C. v. L.A. Fitness International, LLC*, Case No. 11-CV-4131 (Lake County, Il. Judge Berrones) (TCPA); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class); *Saf-T-Gard International, Inc. v.  Vanguard Energy Services, L.L.C.,  et al*, 12-cv-3671 (N.D. Ill. 2013 Judge Gottschall) (TCPA); *Saf-T-Gard v TSI*, 10-c-7671, (N.D. Ill. Judge Rowland) (TCPA); *Cain v Consumer Portfolio Services, Inc.* 10-cv-02697 (N.D. Ill. Judge Keys) (TCPA); *Iverson v Rick Levin & Associates*, 08 CH 42955 Circuit Court Cook County (Judge Cohen) (TCPA); *Saf-T-Gard v Seiko,* 09 C 776 (N.D. Ill. Judge Bucklo) (TCPA); *Jones v. Furniture Bargains*, LLC, 09 C 1070 (N.D. Ill) (FLSA collective action); *Saf-T-Gard v Metrolift*, 07 CH 1266 Circuit Court Cook County (Judge Rochford) (Co-Lead) (TCPA); *Bilek* v *Countrywide,* 08 C 498 (N.D. Ill. Judge Gottschell); *Pacer* v *Rochenback,* 07 C 5173 (N.D. Ill. Judge Cole); *Overlord Enterprises* v. *Wheaton Winfield Dental Associates,* 04 CH 01613, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting* v *SunGard,* 03 CH 21135, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting* v. *Golndustry,03* CH 21136, Circuit Court Cook County (Judge McGann) (TCPA).

22.     I was the attorney primarily responsible for the following class settlements: *Wollert* v. *Client Services,* 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas* v. *Vacation Break USA,* 98 CH 2782, Circuit Court of Cook County (Judge Billik); *McDonald* v. *Washington Mutual Bank,* supra; *Wright* v. *Bank One Credit Corp.,* 99 C 7124 (N.D. Ill. Judge Guzman); *Arriaga* v. *Columbia Mortgage,* 01 C 2509 (N.D. Ill. Judge Lindberg); *Frazier* v. *Provident Mortgage,* 00 C 5464 (N.D. Ill. Judge Coar); *Largosa* v. *Universal Lenders,* 99 C 5049 (N.D. Ill. Judge Leinenweber); *Arriaga* v. *GNMortgage,* (N.D. Ill. Judge Holderman); *Williams* v. *Mercantile Mortgage,* 00 C 6441 (N.D. Ill. Judge Pallmeyer); *Reid* v. *First American Title,* 00 C 4000 (N.D. Ill. Magistrate Judge Ashman); *Fabricant* v. *Old Kent, 99* C 6846 (N.D. Ill. Magistrate Judge Bobrick); *Mendelovits* v. *Sears,* 99 C 4730 (N.D. Ill. Magistrate Judge Brown); *Leon* v. *Washington Mutual,* 01 C 1645 (N.D. Ill. Judge Alesia).

23.     The individual class members' recovery in some of these settlements was substantial. For example, in one of the cases against a major bank the class members' recovery was 100% of their actual damages resulting in a payout of $l,000.00 to $9,000.00 per class member. Similarly, in a case against a major lender regarding mortgage servicing responses, each class member who submitted a claim form received $1,431.00.  *McDonald v. Washington Mutual Bank.*

24.     In addition, to the above settlements, I was appointed class counsel in *In Re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation*, Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead);  *Galvan v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class)*; Pesce v First Credit Services*, 11-cv-01379 (N.D. Ill. December 19 2011) (TCPA Class); *Smith v Greytsone Alliance*, 09 CV 5585

(N.D. Ill. 2010); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D.Ill. 2008)(Co-Lead Counsel for FACTA class); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008)( FACTA class); *Matthews* v. *United Retail, Inc.,* 248 F.R.D. 210 (N.D.Ill. 2008)( FACTA class); *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D.Ill. 2008)( FACTA class); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596,2008 WL 400862 (N.D. Ill. 2008)( FACTA class); *Pacer* v *Rockenbach Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008)( FACTA class).

25.     Some of my reported cases involving consumer protection include: *Galvan v. NCO Portfolio Mgmt. Inc.*, 794 F.3d 716, 721 (7th Cir. 2015); *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895 (7th Cir. 2015); S*mith v Greystone,* 772 F.3d 448 (7th Cir. 2014); *Clark v Absolute Collection Agency,* 741 F.3d 487 (4th 2014); *Lox v. CDA, Ltd.,* 689 F.3d 818 (7th Cir. 2012)*Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012); *Catalan v. GMAC Mortgage Corp.*, No. 09-2182 (7th Cir. 2011) ; *Gburek v Litton Loan*, 614 F.3d 380 (7th Cir. 2010); *Sawyer v. Ensurance Insurance Services* consolidated with *Killingsworth* v. *HSBC Bank Nev., NA.,* 507 F3d 614, 617 (7th Cir. 2007), *Echevarria et al.* v. *Chicago Title and Trust Co.,* 256 F3d 623 (7th Cir. 2001*); Demitro* v. *GMAC,* 388 Ill. App. 3d 15, 16 (lst Dist. 2009); *Hill* v. *St. Paul Bank,* 329 Ill. App. 3d 7051, 1768 N.E.2d 322 (lst Dist. 2002); *In re Mercedes-Benz Tele Aid Contract Litig., 2009* U.S. Dist. LEXIS 35595 (D.N.J. 2009); *Catalan v. RBC Mortg. Co.,* 2009 U.S. Dist. LEXIS 26963 (N.D. Ill. 2009); *Elkins v. Equifax, Inc.,* 2009 U.S. Dist. LEXIS 18522 (N.D. Ill. 2009*); Harris* v. *DirecTV Group, Inc.,* 2008 U.S. Dist. LEXIS 8240 (N.D. Ill. 2008); *In re TJX Cos., Inc., Fair* & *Accurate Credit Transactions Act* (FACTA) Litig., 2008 U.S. Dist. LEXIS 38258 (D. Kan. 2008); *Martin* v. *Wal- Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 89715 (N.D. Ill. 2007); *Elkins* v. *Ocwen Fed. Sav. Bank Experian Info. Solutions, Inc.,*

2007 U.S. Dist. LEXIS 84556 (N.D. Ill. 2007); *Harris* v. *Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. *2007); Stegvilas* v. *Evergreen Motors, Inc.,* 2007 U.S. Dist. LEXIS 35303 (N.D. Ill. 2007); *Cook* v. *River Oaks Hyundai, Inc.,* 2006 U.S. Dist. LEXIS 21646 (N. D. Ill. 2006); *Gonzalez* v. *W. Suburban Imps.,* Inc., 411 F. Supp. 2d 970 (N.D. Ill. 2006); *Eromon* v. *GrandAuto Sales, Inc.,* 333 F. Supp. 2d 702 (N.D. Ill. 2004); *Williams* v. *Precision Recovery, Inc.,* 2004 U.S. Dist. LEXIS 6190 (N.D. Ill. 2004); *Doe* v. *Templeton,* 2003 U.S. Dist. LEXIS 24471 (N.D. Ill. 2003); *Ayala* v. *Sonnenschein Fin. Servs.,* 2003 U.S. Dist. LEXIS 20148 (N.D. Ill. 2003); *Gallegos* v. *Rizza Chevrolet, Inc., 2003* U.S. Dist. LEXIS 18060 (N.D. Ill. 2003); *Szwebel* v. *Pap's Auto Sales, Inc.,* 2003 U.S. Dist. LEXIS 13044 (N.D. Ill. 2003); *Johnstone* v. *Bank of America,* 173 F. Supp.2d 809 (N.D. Ill. 2001); *Leon* v. *Washington Mutual Bank,* 164 F. Supp.2d 1034 (N.D. Ill. 2001); *Ploog v. HomeSide Lending,* 2001 WL 987889 (N.D. Ill. 2001); *Christakos* v. *Intercounty Title,* 196 F.R.D. 496 (N.D. Ill. 2000); *Batten* v. *Bank One,* 2000 WL 1364408 (N.D. Ill. 2000); *McDonald* v. *Washington Mutual Bank,* 2000 WL 875416 (N.D. Ill. 2000); and *Williamson* v. *Advanta Mtge Corp.,* 1999 U.S. Dist. LEXIS 16374 (N.D. Ill. 1999). The *Christakos* case significantly broadened title and mortgage companies' liability under Real Estate Settlement Procedures Act ("RESPA") and *McDonald* is the first reported decision to certify a class regarding mortgage servicing issues under the Cranston-Gonzales Amendment of RESPA.

26.     I have argued before the Seventh Circuit, the First District of Illinois and the MultiLitigation Panel in *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012)*; Catalan* v *GMACM* (7th Cir. 2010); *Gburek* v *Litton Loan Servicing* (7th Cir. 2009); *Sawyer* v *Esurance* (7th Cir. 2007), *Echevarria, et al.* v. *Chicago Title and Trust Co.* (7th Cir. 2001); *Morris* v *Bob Watson,* (lst. Dist. 2009); *Iverson* v *Gold Coast Motors Inc.,* (lst. Dist. 2009);

*Demitro* v. *GMAC* (lst Dist. 2008), *Hill v. St. Paul Bank* (lst Dist. 2002), and *In Re: Sears, Roebuck & Company Debt Redemption Agreements Litigation* (MDL Docket No. 1389.) *Echevarria* was part of a group of several cases that resulted in a nine million dollar settlement with Chicago Title.

27.     My published works include co-authoring and co-editing the 1997 supplement to *Lane's Goldstein Trial Practice Guide* and *Lane's Medical Litigation Guide.*

28.     I have lectured extensively on consumer litigation, including extensively on class actions and the TCPA.  For example, I:

a.  Presented at the 2016 Fair Debt Collection Training Conference for a session on TCPA Developments.

b.  Presented for the National Association of Consumer Advocates November 2015 webinar titled Developments and Anticipated Impact of Recent FCC TCPA Rules.

c.  Presented at the National Consumer Law Center 2015 annual conference in San Antonio, Texas on the TCPA.

d.  Presented at the 2015 Fair Debt Collection Training Conference for three sessions on the TCPA.

e.  Presented at the National Consumer Law Center 2014 annual conference in Tampa Fl. for two sessions on the TCPA.

f.  Panelist for the December 2013 Strafford CLE Webinar titled TCPA Class Actions: Pursuing or Defending Claims Over Phone, Text and Fax Solicitations.

g.  Panelist for the December 2014 Chicago Bar Association Class Action Seminar titled "Class Action Settlements in the Seventh Circuit: Navigating Turbulent Waters."

h.  Presented at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

i.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPI lectured at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

j.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology.

k.  Presented for the National Association of Consumer Advocates November 2013 webinar titled Current Telephone Consumer Protection Act Issues Regarding Cell Phones.

l.  Presenter for the November 2013 Chicago Bar Association Class Action Committee presentation titled Future of TCPA Class Actions.

m.  Speaker at the Social Security Administration's Chicago office in August 2013 on a presentation on identity theft, which included consumers' rights under the Fair Credit Reporting Act.

n.  Panelist for the May 14, 2013 Chicago Bar Association Class Action Seminar titled "The Shifting Landscape of Class Litigation" as well as for the March 20, 2013 Strafford CLE webinar titled "Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology."

o.  Lectured at the June 6, 2013 Consumer Law Committee of the Chicago Bar Association on the topic "Employment Background Reports under the Fair Credit Reporting Act: Improper consent forms to failure to provide background report prior to adverse action."

p.  Lectured at the 2013 Fair Debt Collection Training Conference for three sessions on the TCPA.

q.  Presented at the 2012 National Consumer Law Center annual conference for a session on the TCPA.

r.  Presented at the 2012 Fair Debt Collection Training Conference for a session on the TCPA.

s.  Panelist for Solutions for Employee Classification & Wage/Hour Issues at the 2011 Annual Employment Law Conference hosted by Law Bulletin Seminars.

t.  Lectured at the 2011 National Consumer Law Center conference for a session titled Telephone Consumer Protection Act: Claims, Scope, Remedies as well as lectured at the same 2011 National Consumer Law Center conference for a double session titled ABC's of Class Actions.

u.  Taught *Defenses to Foreclosures* for Lorman Education Services, which was approved for CLE credit, in 2008 and 2010.

v.  Guest lecturer on privacy issues at University of Illinois at Urbana-Champaign School of Law. In March 2010.

w.  Guest speaker for the Legal Services Office of The Graduate School and Kellogg MBA Program at Northwestern University for its seminar titled: "Financial Survival Guide: Legal Strategies for Graduate Students During A Period of Economic Uncertainty."

29.  I was selected as an Illinois Super Lawyer in 2014-16, and an Illinois Super Lawyer Rising Star each year from 2008 through 2013. Moreover, my cases have been featured in local newspapers such as the Chicago Tribune, Chicago Sun-Times, The Naperville Sun, Daily Herald and RedEye.

30.     In April 2011, Timothy J. Sostrin joined the firm. He is a member in good standing of the Illinois bar, the U.S. District Court District of Colorado, U.S. District Court Northern District of Illinois, U.S. District Court Northern and Southern Districts of Indiana, U.S. District Court Eastern and Western Districts of Michigan, U.S. District Court Eastern District of Missouri, U.S. District Court Southern District of Texas and U.S. District Court Eastern and Western Districts of Wisconsin.

31.     Timothy J. Sostrin has zealously represented consumers in Illinois and in federal litigation nationwide against creditors, debt collectors, retailers, and other businesses engaging in unlawful practices.  Mr. Sostrin has extensive experience with consumer claims brought under the Fair Debt Collection Practices Act, The Telephone Consumer Protection Act, the Fair Credit Reporting Act, the Electronic Fund Transfer Act, and Illinois law.  Some of Mr. Sostrin's representative cases include: *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (granting class certification*); Galvan v. NCO Financial Systems, Inc.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012)(granting class certification); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, (2012 U.S. Dist. LEXIS 174222 (N.D. Ill. December 6, 2012)(granting class certification); *Jelinek v. The Kroger Co.*, 2013 U.S. Dist. LEXIS 53389 (N.D. Ill. 2013)(denying defendant's motion to dismiss); *Hanson v. Experian Information Solutions, Inc.*, 2012 U.S. Dist. LEXIS 11450 (N.D. Ill. January 27, 2012)(denying defendant's motion for summary judgment); *Warnick v. DISH Network, LLC*, 2013 U.S. Dist. LEXIS 38549 (D. Colo. 2013)(denying defendant's motion to dismiss);*Torres v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31238 (N.D. Ill. 2013)(denying defendant's motion to dismiss); *Griffith v. Consumer Portfolio Serv.*, 838 F. Supp. 2d 723 (N.D. Ill. 2011)(denying defendant's motion for summary judgment); *Frydman et al v. Portfolio Recovery Associates, LLC*, 2011 U.S.

Dist. LEXIS 69502   (N.D. Ill 2011)(denying defendant's motion to dismiss); *Rosen Family Chiropractic S.C. v. Chi-Town Pizza*, 2013 U.S. Dist. LEXIS 6385 (N.D. Ill. 2013)(denying defendant's motion to dismiss); *Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) (granting summary judgment on TCPA claim);

32.     Mr. Sostrin is a member of the National Association of Consumer Advocates and ISBA.  He received his Juris Doctorate, *cum laude*, from Tulane University Law School in 2006.

33.     In 2014, Michael Hilicki joined the firm. Mr. Hilicki has spent nearly all of his approximate 20-year legal career helping consumers and workers subjected to unfair and deceptive business practices, and unpaid wage practices. He is experienced in a variety of consumer and wage-related areas including, but not limited to, the Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud & Deceptive Business Practices Act, Telephone Consumer Protection Act, Fair Labor Standards Act and the Illinois Wage & Hour Law. He is experienced in all aspects of consumer and wage litigation, including arbitrations, trials and appeals.

34.     Some of the numerous certified class actions in which Mr. Hilicki has represented consumers or workers include: *Legg v. Spirit Airlines, Inc.*, No. 14-61978-Civ (S.D. Fla.); *Eibert v. Jaburg & Wilk, P.C.*, 13-cv-301 (D. Minn.); *Brinkley v. Zwicker & Associates, P.C.*, 13 C 1555 (N.D. Ill.); *Kraskey v. Shapiro & Zielke, LLP*, 11-cv-3307 (D. Minn.); *Short v. Anastasi & Associates, P.A.*, 11-cv-1612 SRN/JSM (D. Minn.); *Kimball v. Frederick J. Hanna & Associates, P.C.*, 10-cv-130 MJD/JJG (D. Minn.); *Murphy v. Capital One Bank*, 08 C 801 (N.D. Ill.); *In re American Family Mut. Ins. Co. Overtime Pay Litig.*, 06-cv-17430 WYD/CBS (D. Colo.); *Nettles v. Allstate Ins. Co.*, 02 CH 14426 (Cir. Ct. Cook Cty.); *Sanders v. OSI Educ. Servs., Inc.*, 01 C 2081 (N.D. Ill.); *Kort v. Diversified Collection Servs., Inc.*, 01 C 0689 (N.D. Ill.); *Hamid v. Blatt*

*Hasenmiller, et al.*, 00 C 4511 (N.D. Ill.); *Durkin v. Equifax Check Servs., Inc.*, 00 C 4832 (N.D. Ill.); *Torres v. Diversified Collection Services, et al.*, 99-cv-00535 (RL-APR) (N.D. Ind.); *Morris v. Trauner Cohen & Thomas*, 98 C 3428 (N.D. Ill.), *Mitchell v. Schumann*, 97 C 240 (N.D. Ill.); *Pandolfi, et al. v. Viking Office Prods., Inc.*, 97 CH 8875 (Cir. Ct. Cook Cty.); *Trull v. Microsoft Corp.*, 97 CH 3140 (Cir. Ct. Cook Cty.); *Deatherage v. Steven T. Rosso, P.A.*, 97 C 0024 (N.D. Ill.); *Young v. Meyer & Njus, P.A.*, 96 C 4809 (N.D. Ill.); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 96 C 3233 (N.D. Ill.); *Holman v. Red River Collections, Inc.*, 96 C 2302 (N.D. Ill.); *Farrell v. Frederick J. Hanna*, 96 C 2268 (N.D. Ill.); *Blum v. Fisher and Fisher*, 96 C 2194 (N.D. Ill.); *Riter v. Moss & Bloomberg, Ltd.*, 96 C 2001 (N.D. Ill.); *Clayton v. Cr Sciences Inc.*, 96 C 1401 (N.D. Ill.); *Thomas v. MAC/TCS Inc., Ltd.*, 96 C 1519 (N.D. Ill.); *Young v. Bowman, et al.*, 96 C 1767 (N.D. Ill.); *Depcik v. Mid-Continent Agencies, Inc.*, 96 C 8627 (N.D. Ill.); and *Dumetz v. Alkade, Inc.*, 96 C 4002 (N.D. Ill.)

35.     Mr. Hilicki has lectured on consumer law issues at Upper Iowa University and the Chicago Bar Association. He is a member of the Trial Bar of the United States District Court for the Northern District of Illinois, and has represented consumers in state and federal courts around the country on a *pro hac vice* basis.

36.     Mr. Hilicki's published works include: *"AND THE SURVEY SAYS..." When Is Evidence of Actual Consumer Confusion Required to Win a Case Under Section 1692g of the Fair Debt Collection Practices Act in the Seventh Circuit?*, 13 Loy. Consumer L. Rev. 224 (2001).

37.     In 2015, Amy Wells joined the firm.  Ms. Wells brings a wealth of consumer litigation experience. In 2014, she was installed as the President of the Miami Valley Trial Lawyers Association (MVTLA), which is an association of attorneys throughout Ohio's Miami

Valley (Montgomery, Miami, Darke, Preble, Clark, Greene, Warren, Champaign, and Butler Counties). Their members are dedicated to the advancement of fair trials and free access of individuals to the courts of this state, and represent injured persons, criminal defendants, consumers and families in the areas of negligence, criminal law, consumer protection, workers' compensation, professional malpractice, products liability, family law, insurance law, employment, and civil rights law.

38.     The Ohio Association for Justice named Ms. Wells as recipient of the 2012 President's Award. Ms. Wells was honored by the Ohio Association for Justice at the Annual Convention, where she received her award from President Denise Houston at the Association's flagship President's Dinner on May 3, 2012. The dinner was attended by over 400 attorneys and their guests at the Hilton at Easton Town Center in Columbus, Ohio.

39.     Ms. Wells received the highest possible Attorney rating (Superb) by Avvo, Inc., which ranks attorneys according to a variety of criteria, including feedback from clients and peers.

40.     In 2011, Ms. Wells was selected to serve on Ohio Attorney General Mike DeWine's Advisory Committee. This panel was assembled by the OAG to review Ohio's primary consumer protection law, the Consumer Sales Practices Act (R.C. 1345 et seq.). She is the only consumer protection attorney in private practice selected for this committee. Ms. Wells has repeatedly been named by Super Lawyers Magazine as a Rising Star. Only 2.5 percent of the attorneys in the state are selected to the Rising Stars list. Super Lawyers, a Thomson Reuters business, is a rating service of attorneys from more than 70 practice areas who have attained a high-degree of peer recognition and professional achievement. The annual selections are made using a statewide survey of attorneys, independent research evaluation of candidates, and peer

reviews by practice area. The Super Lawyers lists are published nationwide in Super Lawyers magazines and in leading city and regional magazines across the country.

**Education**

41.     Ms. Wells graduated from the University of Dayton School of Law joint-degree program, earning a Juris Doctorate and Masters of Business Administration. She was the only student in her graduating class to receive this dual degree. During law school, Ms. Wells was a member of the Moot Court Team and Moot Court Board. Ms. Wells was Vice President of the UDSL Women's Caucus and also served as a teaching assistant in the legal research and writing program. Amy was a summer associate at a Dayton law firm in the litigation section. She also clerked in-house at NCR's world headquarters throughout law school, acting as the lead intern during her final year. Amy earned her undergraduate degree in business administration from Ohio University in Athens.

42.     Some of Ms. Wells published works include:

        a.      2008 article - *The Price of Identity Theft for Ohio Consumers,* published in Ohio Trial Magazine, Volume 18, Issue 1.

        b.      In April 2009 her article, *Protecting Consumers from a "New Breed" of Debt Collector*, was published in the Dayton Bar Association's Bar Briefs magazine.

        c.      In 2011 the article titled, *Proposed Deconstruction of Ohio's UDAP Law, a National Trend?,* was published by the National Association of Consumer Advocate's publication, The Consumer Advocate, Volume 17, No. 4.

        d.      Ms. Wells wrote Ohio's Consumer Protection Law, which was published in the October 2011 issue of the Advisory.

e.      In November 2011, *HB 275 – The Undoing of Ohio's Consumer Protection Law,* was published in the Dayton Bar Briefs, Vol. 61, No.3.

f.      Ms. Wells is a featured blogger on Neighborhood Housing Services Consumer Law Center Blog

g.      Ms. Wells authored a chapter in the Consumer Law Basics book while serving as faculty of the Practicing Law Institute.

h.      Ms. Wells is a contributing freelance author for NOLO.com (2015-present)

43.      Speaking Engagements for Ms. Wells include:

a.      Ms. Wells is regularly invited to speak to attorneys and consumers on a state and national basis regarding consumer advocacy issues and laws. Recent presentations include:

b.      2010 National Consumer Law Center Fair Debt Collection Training Conference, Jacksonville, FL, "FDCP Fundamentals: The Care and Feeding of Your FDCP Case."

c.      CORT Consumer Law Training 2010, Ann Arbor, MI, "Bringing Claims Under the FCRA and FACTA."

d.      2010 Ohio Association for Justice Annual Convention, Columbus, OH, "Appraisal Litigation: Critical Evidence in an Inflated Appraisal Case & Eminent Domain: Friend or Foe?"

e.      2011 Ohio Association for Justice Insurance Law CLE, Columbus & Dayton, OH, "Protect Thy Consumer, Today's Consumer Law Issues."

f.    2011 Ohio Association for Justice Annual Convention, Columbus, OH, Moderator for the Consumer Law Continuing Legal Education panel.

g.    2012 Ohio Association for Justice Annual Convention, Columbus, OH, "How to Practice Under the New Ohio Consumer Law."

h.    2012 American Bankruptcy Law Forum, Dayton, OH, "Consumer Law for Bankruptcy Attorneys"

i.    2013 Served as faculty for CLE about Representing the Pro Bono Client, Consumer Law Basics in San Francisco, CA. My presentation was entitled "Introduction to the Fair Credit Reporting Act."

j.    2015 Ohio State Bar Association Consumer Law CLE, Columbus, OH, "The Basics of the FCRA Including Recent Changes/Oversight from the CFPB"

44.    Ms. Wells has been featured in the following media:

a.    Ms. Wells has been interviewed by various media outlets, including the following pieces.

b.    ALEC Leads the Legal War Against Consumers, A Lawyers.com Series, Posted May 3, 2012.

c.    Right-to-cure bill seen powering its way to approval, Business First, Dec. 16, 2011.

d.    2012, Guest on Americas Workforce Radio, topic: consumer credit reporting.

45.    Finally, Ms. Wells served on the Board of Trustees of the Ohio Association for Justice and chaired the Consumer Law Section from 2009-2014. She also served on the Association's Legislative Committee. Ms. Wells is an active member of the National Association

of Consumer Advocates and is currently a state chair for the organization. Ms. Wells currently

sits on the board of the Miami Valley Trial Lawyers Association, and will served as the

Association's President from 2014-2015. Ms. Wells is a member of the American Association

for Justice, Illinois Bar Association, Lake County Bar Association, Ohio State Bar Association,

and the Dayton Bar Association, Carl D. Kessler Inn of Court, and serves on the DBA Certified

Grievance Committee.

46.     In 2015, Michael Karnuth joined the firm.  His practice focuses on Securities

Fraud and Shareholder litigation, as well as consumer protection and other complex litigation

matters.

47.     In the Securities Fraud area, Mr. Karnuth has extensive experience in prosecuting

claims under the federal securities laws, and has actively litigated cases at all levels up to trial,

and has obtained significant recoveries for investors. Representative cases and reported decisions

include:

In re DVI, Inc. Sec. Litig., 2:03-cv-5336 (E.D. Pa.).  Mr. Karnuth has been instrumental

in representing equity and debt investors in case raising 10b-5 and 20(a) claims involving a

failed healthcare financing company which misrepresented financial statements for several

years.  To-date, the firm has recovered over $21 million for investors from ten different

defendants, and has achieved important legal victories in the case, including prevailing on

numerous motions to dismiss, In re DVI Inc. Sec. Litig., 2005 WL 1307959 (E.D. Pa. May 31,

2005); obtaining class certification, 249 F.R.D. 196 (E.D. Pa. 2008), aff'd, 639 F.3d 623 (3d Cir.

2011),*petition for rehearing and en banc denied* (June 24, 2011), and in prevailing on motions

for summary judgment, 2010 WL 352086 (E.D. Pa. Sept. 3, 2010), and 2010 WL 3522090 (E.D.

Pa. Sept. 3, 2010).  Mike presented oral argument to the Third Circuit Court of Appeals and

prevailed on an auditor defendant's challenges to market efficiency, loss causation and the adequacy of an institutional investor to be class representative based on its trading strategies and access to company management.

In re Safety-Kleen Corp. Rollins Shareholder Litigation, No. 3:00-1343-17 (D.S.C.).  Mr. Karnuth was also instrumental in the firm's extensive representation of Rollins Environmental Services shareholders in a Section 14(a) proxy case, involving the reverse acquisition of Rollins by Laidlaw Environmental Services, Inc., predecessor of Safety Kleen Corp.  The firm obtained a $3.15 million recovery for the class on the eve of trial, after overcoming numerous legal challenges.  The class recovery represented a large percentage of the class's estimated damages in the case.

In re BankAmerica Corp. Sec. Litig., 228 F.Supp.2d 1061 (E.D. Mo. 2002).  Mr. Karnuth assisted in the firm's role as Executive Committee Member of the BankAmerica shareholder class, which challenged the 1998 merger of BankAmerica and Nationsbank.  His involvement included reviewing discovery, taking depositions and drafting pleadings.  The claims of the BankAmerica class settled for over $160 million.

48.    Mr. Karnuth also has extensive experience in consumer protection and other complex litigation. Representative cases and reported decisions include:

Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677 (2006), where Mike filed an amicus brief in support of both respondents and the firm's pending certiorari petition on behalf of injured FEHBA-plan insureds, which prevailed in a 5 to 4 ruling that then led to the favorable Supreme Court decision in the firm's case of Cruz v. Blue Cross and Blue Shield of Illinois, 548 U.S. 901 (2006).  On remand to the Seventh Circuit, Mike successfully argued that federal preemption and creation of federal common law should not trump state law, which ultimately

resulted in the case settling for $1.5 million in the pending state court case and the class obtaining full recovery of their losses.  *See* <u>Blue Cross Blue Shield v. Cruz</u>, 495 F.3d 510 (7th Cir. 2007).  Other notable and reported decisions in this case that Mike was integral in achieving include <u>Blue Cross Blue Shield of Illinois v. Cruz</u>, 2003 WL 22715815 (N.D. Ill. Nov. 17, 2003) (dismissing Blue Cross's federal action attacking plaintiff's state court rights); <u>Doyle v. Blue Cross Blue Shield of Illinois</u>, 149 F.Supp.2d 427 (N.D. Ill. 2001) (remanding insured's complaint to state court); and obtaining class certification and summary judgment for the named plaintiff in the state court class action, despite numerous challenges including a brief and oral argument submitted by the U.S. Department of Justice advocating for federal law trumping plaintiff's state law claims.  An illustration of his commitment and tenacity to class members' interests is shown in his further representation of a Blue Cross FEHBA-plan class member, a member of the military, who was denied a right to participate in the settlement because her claim form was submitted late.  After a rigorous briefing and oral argument process, Mr. Karnuth prevailed in having her claim allowed, which resulted in an individual payment to her of over $30,000.  See, March 23, 2011 Order allowing Taylor Claim.

<u>Doyle v. Blue Cross Blue Shield of Illinois</u>, 00 CH 14182 (Cir. Ct. Cook County, Ill., Chancery Division) (firm was co-counsel on behalf of ERISA-plan insureds and achieved a $6.95 million settlement and injunctive relief in 2004 for the class, representing near full recovery of estimated losses; case involved Blue Cross's alleged practice of liening against third-party recoveries obtained by their insureds in excess of what they were entitled to recover).

<u>Primax Recoveries Inc. v. Sevilla</u>, 324 F.3d 544 (7th Cir. 2003).  Mr. Karnuth successfully argued to the Seventh Circuit that federal law did not preempt health insured's state law claims

seeking application of Illinois' common fund doctrine to insurer's reimbursement lien asserted against insured's third-party recoveries, and that insurer's strategic waiver in state court barred its claims in federal court. *See also* <u>Primax Recoveries, Inc. v. Sevilla</u>, 2002 WL 58816 (N.D. Ill. Jan. 15, 2002) (granting motion to dismiss); <u>Health Cost Controls v. Sevilla</u>, 365 Ill.App.3d 795 (1st Dist. 2006) (reversing denial of class certification).  In 2011, after 15 years of litigation, he was integral in the firm obtaining full recovery for the class, plus pre- and post-judgment interest, and attorneys' fees from the insurer.

<u>LVNV Funding, Inc. v. Trice</u>, 2011 Ill. App. (1st) 092,773 (Mr. Karnuth was integral in obtaining a modified decision which denied a debt collector's petition for rehearing of an order voiding a default judgment obtained by an unlicensed debt collector; and in having LVNV's petition for leave to appeal to the Illinois Supreme Court denied (Nov. 30, 2011)).

<u>Citibank v. Busuioc</u>, No. 09 CH 49196 (Cir. Ct. Cook County, Ill.) (Mr. Karnuth successfully and extensively briefed and argued a case brought on behalf of homeowners/borrowers who had a mortgage foreclosure pursued against them by an entity who purportedly acquired ownership of the loan through a fraudulent assignment prepared by Lender Processing Services and/or its subsidiary DocX and who lacked standing to pursue the foreclosure; he prevailed on Citibank's motion to dismiss the case pursuant to Illinois' Citizens Participation Act and in getting the petition for leave to appeal voluntarily dismissed).

<u>Stinette v. Fisher & Shapiro, et al.</u>, No. 09 CH 19758 (Cir. Ct. Cook County, Ill.) (Mr. Karnuth successfully briefed and argued objections to a competing class's proposed settlement on behalf of debtors against a debt collector brought in federal court solely seeking relatively nominal relief under the FDCPA, but which released all viable non-FDCPA claims.

**Activities/Honors/Publications/Memberships**

- September 2014 – article published in ISBA's Business & Securities Law Forum Newsletter titled "*Dodd-Frank provides incentives and enhanced protections to blow its new, shiny "whistle," but Sarbanes-Oxley's old whistleblower protections may have more luster in certain situations.*"
- November 2013 – article published in ISBA's Business & Securities Law Forum Newsletter titled "*Amgen eases securities fraud plaintiffs' burden at class certification, but the dissent invites challenges to the long-standing 'fraud-on-the-market' theory.*"
- 2012 – Speaker at the 7th Annual Illinois Public Employee Retirement Systems Summit on the topic of Securities Litigation (Identifying and Pursuing Recoverable Losses).
- 2010 – Speaker and Panelist at Chicago Bar Association Seminar "Defending Federal Securities Class Actions" (May 12, 2010)
- 2009 and 2008 – selected as an Illinois Rising Star by Super Lawyer's Magazine
- 2008 – Speaker and Panelist at Best Practices Forum regarding litigation against accounting firms (September 3, 2008)
- 2006 to Present – Pro bono attorney for the Center for Disability and Elder Law; volunteer attorney to low income, disabled and elderly individuals on various legal issues
- 2010 to Present – Pro bono attorney for Chicago Volunteer Legal Services; providing assistance to homeowners facing foreclosure
- Member of CBA, ISBA, ABA, AICPA and ICPAS; member of ISBA's Business & Securities Law Section (June 2012 to present).

**Education**

Mr. Karnuth earned his Juris Doctorate in December 1998, from Chicago-Kent College of Law where he graduated with Honors and received Merit Scholarships, was a Deans List recipient and received a CALI Award in Advanced Research – Securities. Mr. Karnuth interned for the United States District Court Judge, Blanche Manning, of the Northern District of Illinois in Spring of 1998. In addition to obtaining his law degree, Mr. Karnuth is a Certified Public Accountant since 1991, where he passed the entire exam on his first try.

Donald L. Sawyer joined Keogh Law, LTD. in 2016 after spending nearly a decade in complex commercial litigation with a primary emphasis on antitrust class action cases involving territorial division, price fixing, and other anticompetitive practices. Mr. Sawyer has significant experience working on multifaceted cases representing a wide range of consumers, businesses,

and labor unions under both federal and state laws. In matters dealing with U.S. and international antitrust law, Mr. Sawyer also specializes in the preservation, collection, review, production, and negotiation of ESI.

He is a graduate of Emory University's Goizueta Business School, from which he received a Bachelor of Business Administration degree, concentrating his studies in Finance. In 2006, Mr. Sawyer received his law degree from The John Marshall Law School in Chicago. While attending law school, Mr. Sawyer was a board member of The Corporate Law Association. He was admitted to the Illinois State Bar and U.S. District Court, Northern District of Illinois, in 2006. In addition, Mr. Sawyer has been a presenter at the Complex Litigation E-Discovery Forum.

Executed at Chicago, Illinois, on February 23, 2017.

Keith J. Keogh

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on February 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Craig J. Mariam, *Admitted Pro Hac Vice*
Email:  cmariam@gordonrees.com
Kristie Morgan Simmerman, *Admitted Pro Hac Vice*
Email: ksimmerman@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile:  (877) 306-0043

Richard T. Victoria, *Admitted Pro Hac Vice*
Email: rvictoria@gordonrees.com
GORDON & REES LLP
707 Grant St, Suite 3800
Pittsburgh, PA 15219
Phone: (412) 577-7400
Facsimile: (412) 347-5461

Eric Robert Thompson
GORDON & REES LLP
Email: ethompson@gordonrees.com
200 South Biscayne Boulevard, Suite 4300
Miami, Florida  33131
Telephone:  (305) 428-5300
Facsimile:  (877) 634-7245

*Attorneys for Defendants American Eagle Outfitters, Inc., and AEO Management Co.*

Christopher Martin Lomax
Email: clomax@jonesday.com
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida  33131
Telephone:  (305) 714-9719
Facsimile:  (305) 714-9799

John Alexander Vogt, *Admitted Pro Hac Vice*
Email: javogt@jonesday.com
Richard J. Grabowski, *Admitted Pro Hac Vice*
Email: rgrabowski@jonesday.com
Paul Bartholomew Green
Email: bartgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California  92612
Telephone:  (949) 851-3939
Facsimile:  (949) 553-7539

*Attorneys for Defendant Experian Marketing Solutions, Inc.*

DATED this 23rd day of February, 2017.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
Beth E. Terrell, *Admitted Pro Hac Vice*
Email:  bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

*Attorneys for Plaintiffs and the Putative Classes*