UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHRISTINA MELITO, CHRISTOPHER
LEGG, ALISON PIERCE, and WALTER
WOOD, individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.

AMERICAN EAGLE OUTFITTERS,
INC., a Delaware corporation, AEO
MANAGEMENT CO., a Delaware
corporation, and EXPERIAN
MARKETING SOLUTIONS, INC.,

    Defendants.

Case No. 1:14-cv-02440-VEC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-5-17

RECEIVED
SDNY DOCKET UNIT
2017 JUN -5 AM 9:13

## OBJECTIONS OF KERRY ANN SWEENEY, PRO SE AND PATRICK S. SWEENEY PRO SE, ON BEHALF OF AND FOR EKS A MINOR PERSON, TO THE PROPOSED SETTLEMENT

NOW COMES, Pro Se Objectors, KERRY ANN SWEENEY and PATRICK S. SWEENEY, on behalf of and for EKS a minor person, and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN CLASS

Kerry Ann Sweeney, Pro Se and Patrick S. Sweeney, Pro Se on behalf of and for EKS , a minor person (herein collectively referred to as "Objectors" or

individually as "Kerry Ann" or "Patrick" respectively) have reviewed that certain notice circulated in this case, which is not dated (herein referred to as the "Notice"). As a result the Objectors believe that they are members of the Class as defined in the Notice. They have filed timely Claims in this matter. The Objectors' address, e-mail addresses and telephone numbers are listed at the conclusion of this objection.

## **NOTICE OF INTENT TO APPEAR**

Objectors hereby give notice that they do **NOT** intend to appear at the Fairness Hearing presently scheduled for August 22, 2017 at 10:00 a.m. EST at the United States District Court for the Southern District of New York, Room 443, Thurgood Marshall Courthouse, 40 Foley Square, New York, N.Y. 10007.

## **REASONS FOR OBJECTING TO THE SETTLEMENT**

For the following reasons, inter alia, the Objectors assert the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.
2. It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel

(and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

3. The Notice process is flawed as a copy of the Notice was not sent to the Objectors notwithstanding the Objectors having previously filed claims on the Settlement Website.

4. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objectors hereby contend that the withholding of a reasonable sum of awarded attorney's fees would alleviate the concerns raised herein regarding Paragraphs No. 1 above.

5. The fee calculation is unfair in that the percentage of the settlement amount is far too high (it is stated in the Notice that it is 33.333%, which is high, but if that percent is arrived at by using monies actually awarded class members the percentage is even higher). By way of example: if cost of administration were $500,000.00; incentive awards $30,000 and attorney fees and litigation expenses were $4,832,850 the net monies available for distribution to the Class would be $9,137,150.00. The attorney fees would then be 52.89% of the monies actually available to be awarded to the Class.

6. The Objectors hereby also state that, of the all the 273 Docket Entries on PACER, very few entries were substantive in nature. On the contrary, most of the Docket Entries are procedural in nature. Also many of the docket entries were not submitted by the Plaintiff but rather by the defendant, the court and other third parties. Actually there are only 68 Docket Entries that the Objectors can attribute to the Plaintiffs. Under this assertion the cost per Docket Entries computes to an unfathomable amount of $71,071.00 per Docket Entry.

7. The fee request is not reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable costs incurred), which can be evaluated by the Class and the Court to determine the reasonable nature (or not) of the fee request.

8. The Objectors hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objectors, for the foregoing reasons, respectfully request that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objectors for their role in improving the Settlement, if applicable.

Respectfully submitted by:

*[signature]*

Patrick S. Sweeney, Pro Se, on behalf of,
and for EKS a minor person

6666 Odana Road
Suite 116
Madison, WI 53719
310-339-0548
patrickshanesweeney@gmail.com

*[signature]* Pro Per

Kerry Ann Sweeney, Pro Se
c/o Patrick S. Sweeney, Pro Se,
6666 Odana Road
Suite 116
Madison, WI 53719
310-339-0548
patrickshanesweeney@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2017, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York and to counsel by sending this document via U.S. First Class Mail Delivery at the addresses for the Clerk and counsel provided in the Notice. Furthermore, when the Clerk receives the objection they will scan it into the CM/ECF, thus notify all parties who are registered with CM/ECF system.

*[signature]*

Patrick S. Sweeney, Pro Se



Envelope addressed to:

Clerk of Court
Southern District Court
of New York
Room 443
Marshall L Courthouse
40 Foley Square
New York, NY 10007

Return address:
Sweeney
6666 Odana Rd
Suite 116
Madison, WI 53716

Stamped: RECEIVED JUN 02 2017 CLERK'S OFFICE SDNY