# TERRELL | MARSHALL
## LAW GROUP PLLC

Beth E. Terrell
bterrell@terrellmarshall.com

File No. A-1712-001.C

June 9, 2017

*Via CM/ECF Only*

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall - United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Christina Melito, et al. v. American Eagle Outfitters, Inc., et al.*
      Case No. 1:14–cv–2440–VEC

Your Honor:

Pursuant to this Court's June 7th Order [Dkt. 277], Plaintiffs address the basis of their request to depose objectors Kara Bowes and Brooke Bowes.

An objector who voluntarily appears in litigation is properly subject to discovery. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012); *see also In re Netflix Privacy Litig.,* No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013); *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 890–91 (C.D. Cal. 2016) ("An objector cannot refuse to participate in discovery and still have his or her objection considered by the court.").

The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material "relevant to the claim or defense of any party relevant to any party's claim or defense and proportional to the needs of the case."

In *CRT*, the plaintiffs sought to depose an objector to obtain information regarding "(1) his alleged standing as a Settlement Class member to assert objections, (2) the underlying bases for his objection, and (3) his relationship with 'professional' or 'serial' objector counsel that [p]laintiffs' counsel believe instigated his objection to the settlement." 281 F.R.D. at 532. The objector resisted discovery. *Id.* The court granted plaintiffs' request, finding that (1) through his voluntary appearance, the objector was properly subject to discovery, (2) the bases for the objection and his standing to object were "clearly relevant to the Settlement now before the

Court," and (3) plaintiffs were willing to limit the objector's deposition to four hours and take the deposition in the location where the objector lived and worked. *Id.* at 533. The court also approved plaintiffs' requests for documents, which focused "solely on the objector's standing, the bases for his current objections, his role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him." *Id.*

Plaintiffs seek the very same information here. Neither Brooke Bowes, nor her cell number, appear on the list of Settlement Class Members that are part of the Settlement. Plaintiffs should be allowed to inquire into the reasons that Brooke Bowes believes she has standing to make her objection and why Kara and Brooke contend the settlement is unfair. Similarly, Mr. Isaacson and Mr. Nutley previously represented Kara Bowes as an objector in *Chambers v. Whirlpool Corp.*, *supra,* before Ms. Bowes ultimately withdrew her objection. Plaintiffs should be allowed to ask Kara Bowes about her relationship with Ms. Isaacson and Mr. Nutley, both of whom Plaintiffs consider to be professional objectors[1], as well as the basis for her objection. This information is relevant because "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Dennis v. Kellogg Co.*, No. 09-cv-1786, 2013 WL 6055326, at *4 n.2 (S.D. Cal. Nov. 14, 2013) (quoting *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042, 2013 WL 414476, at *1 (E.D. Mo. Feb. 1, 2013)).

Along these lines, the court in *Muransky v. Godiva* found Mr. Isaacson to be a professional objector when he raised substantially similar objections to that class settlement. No. 15-60716, at 5 (S.D. Fla. Sept. 16, 2016) ("In addition, the Plaintiff aptly characterizes Mr. Price, Mr. McDonald, Mr. Isaacson and Mr. Davis as 'professional objectors' who threaten to delay resolution of class action cases unless they receive extra compensation."), *report and recommendation adopted by* No. 15-60716 (S.D. Fla. Sept. 28, 2016).[2] Similarly, one court took

---

[1] *In re: Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("[P]rofessional objectors undermine the administration of justice . . . .").

[2] In addition to this case, Mr. Isaacson is objector's counsel in the following recent cases: *Muransky, supra*.; Objection of Class Member Isaacson/Weaver Family Trust to Proposed Attorneys' Fee Award, *In re Bioscrip, Inc. Sec. Litig.*, 1:13-cv-06922 (S.D.N.Y. May 23, 2016), Dkt. 113 (filed by Isaacson); Brief of Petitioner-Appellant, *Chieftain Royalty v. Enervest Energy Inst'l Fund XIII-A LP*, No. 16-6025 (10th Cir. May 25, 2016) (objection of Class Member Charles David Nutley filed by Isaacson, Davis, and Nutley); Objection to Proposed Settlement, *Chambers v. Whirlpool Corp.*, No. 8:11-cv-01733 (C.D. Cal May 27, 2016), Dkt. 227 (filed by Isaacson, Davis, and Nutley).

the unusual step of "direct[ing] that all papers submitted by counsel shall be signed by both [local counsel] as well as Messrs. Davis and Nutley" in response to contentions that "Messrs. Davis and Nutley are part of a cartel of professional objectors who file vexatious and frivolous objections to stall class settlements in exchange for payoffs." *Chieftain Royalty Co. v. SM Energy Co.*, No. 11-cv-00177, 2015 U.S. Dist. LEXIS 159218, at *2 (W.D. Okla. Nov. 25, 2015).

Finally, Plaintiffs have agreed to depose both objectors on June 14th, limiting each to a "half day," and are willing to travel to Oklahoma City where both objectors live.

Next, in retaliation for Plaintiffs' inquiry into whether Mr. Isaacson would accept service for his clients, Mr. Isaacson asked Plaintiffs to produce copies of deposition transcripts of the named Plaintiffs. While objectors should be afforded the opportunity to argue their contentions to the court, as the Bowes have already done here, the *Manual for Complex Litigation* instructs courts that: "Discovery should be minimal and conditioned on a showing of need, because it will delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel." Discovery by objectors, *Newberg on Class Actions* § 13:32 (5th ed.).

Here, there's been no showing of need. Mr. Isaacson did not serve formal discovery, nor request existing discovery prior to filing the Bowes' objection. The already filed Bowes Objection is limited to four discrete areas where Plaintiffs' transcripts are not relevant. *See* Dkt. 271. Last year, Mr. Isaacson's improper attempt to obtain discovery after his objection was filed was rejected by Magistrate Judge Lurana S. Snow in the Southern District of Florida in *Muransky v. Godiva*, where "Mr. Isaacson concede[d] that objecting class members have no absolute right to take discovery." No. 15-60716 (S.D. Fla. Sept. 19, 2016). Judge Snow denied Mr. Isaacson's request to depose the plaintiff because he did not make any formal request for discovery, and because Mr. Isaacson would have the opportunity to address his objections that were already raised at the fairness hearing.[3] Plaintiffs respectfully urge this Court to reject Mr. Isaacson's belated request here as well, as the deposition testimony is not related to his objection and his request was only raised after Plaintiffs requested Bowes' depositions.

> Respectfully submitted,
>
> *Beth Terrell*
>
> Beth E. Terrell

BET:bkk
cc: All Counsel of Record

---

[3] Mr. Isaacson filed a Notice of Intention to Appear at the Fairness Hearing. *See* Dkt. 272.