UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MELITO, CHRISTOPHER LEGG, ALISON PIERCE, and WALTER WOOD, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, and EXPERIAN MARKETING SOLUTIONS, INC.,<br><br>     Defendants. | NO. 1:14-cv-02440-VEC<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: _9/8/2017____ |

## <u>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING CLASS PLAINTIFFS' CLAIMS AND ENTERING FINAL JUDGMENT</u>

This Court having held a Final Approval Hearing on August 22, 2017, having provided notice of that hearing in accordance with the Preliminary Approval Order (Dkt. No. 259), and having considered all matters submitted to it in connection with the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement, Dismissing Class Plaintiffs' Claims and Entering Final Judgment (the "Final Approval Order And Judgment" or this "Order") and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.     Unless otherwise defined, all capitalized terms in this Final Approval Order and Judgment shall have the same meaning as they do in the Settlement Agreement (Dkt. No. 253-1), a copy of which is attached to this Order as Exhibit A.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes, as follows:

> The 618,301 persons (identified in the disc attached to this Final Approval Order And Judgment as Exhibit B) who, on or after April 8, 2010 and through and including the date of entry of the Preliminary Approval Order, received a text message from AEO or any entity acting on its behalf, to his or her unique cellular telephone number, and who did not provide AEO with appropriate consent under the TCPA. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

Attached to this Order as Exhibit B is a CD-Rom that identifies the 618,301 persons that comprise the Settlement Class (the "Class List"). Given the confidential nature of the personally identifying information therein, Exhibit B has been filed under seal.

3.     This Court concludes that Plaintiffs have Article III standing in this case for the reasons discussed in this Court's September 8, 2017, Opinion & Order.

4.     This Court finds that the Agreement is the product of arm's-length settlement negotiations between Plaintiffs and AEO.

5.     This Court finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6.     This Court further finds and concludes that the Class Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support this Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order And Judgment.

7.     This Court hereby finds and concludes that the notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 complied with the requirements of that statute.

8.     This Court finds that Brooke Bowes and Kristian Mierzwicki are not class members because their telephone numbers do not appear on <u>Exhibit B</u>. As a result, they each lack standing to object to the Settlement.  Because they are not members of the Settlement Class, Ms. Brooke Bowes and Mr. Mierzwicki are not bound by this Final Approval Order And Judgment or by the Settlement Agreement. Thus, to the extent that they believe they have claims against AEO, they are free to assert such claims against AEO.  Nothing in this Order is intended to address or evaluate the merits of claims of Ms. Brooke Bowes or Mr. Mierzwicki or AEO's

defenses thereto, which also are not waived or released by this Final Approval Order And Judgment or by the Settlement Agreement.  In addition, this Court finds that Gabriella E. Bensur, Dana E. Horban, Haylee Horney, Isabell Major, Nadia Noormohamed, Laurie Petek, Carla Roberts, Dakota Slade, and Natalia Ugaz have timely excluded themselves from the Settlement and are therefore not bound by its terms.

9.     This Court finds that the 705 claims that were untimely filed shall be deemed timely and those Class Members shall be allowed to participate in the Settlement.

10.     This Court overrules the objections to the Settlement submitted by Ms. Kara Bowes.

11.     Although this Court questions whether Third Party Defendant Experian has standing to object to the Settlement Agreement because the Agreement does not affect its defenses in the indemnity action or otherwise prejudice it, assuming Experian has standing, its objections are overruled.  Additionally, this Court finds that the Agreement does not preclude Third Party Defendant Experian from asserting in response to claims asserted against it by AEO that an ATDS was not used to send the text messages at issue.

12.     This Court finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

13.     This Court has broad discretion to narrow the class according to AEO's and Plaintiffs' Agreement. *See* 5 James W. Moore et al., *Moore's Federal Practice* § 23.21[4] (3d ed. 2004); *see also Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir. 1993) (a district court "is not bound by the class definition proposed in the complaint"). Per this authority, this Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the

Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

14.     This Court approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution, and disposition of any Remaining Funds.  Should any Remaining Funds be distributed, this Court hereby approves the National Foundation for Credit Counseling and the National Consumer Law Center ("NCLC") as the *cy pres* recipients who shall receive an equal distribution. The funds to NCLC shall be earmarked for work associated with the FCC to protect consumer rights under the TCPA. This Court finds this organization closely aligned with the Settlement Class's interests.

15.     As of the Effective Date, Class Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other person claiming through any of them, will be deemed to have fully released and forever discharged AEO and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of this Order, that arise out of or relate in any way to the Released Parties' contact or attempt to contact settlement class members from April 8, 2010 through the Effective Date in connection with text message marketing programs, to the fullest extent that those terms are used,

defined or interpreted by the TCPA or any other similar statute, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as relative to text messages sent to cellular telephones (collectively, the "Released Claims").

16.     Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective. This Section constitutes a waiver of, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

17.     Class Plaintiffs and the Settlement Class Members have agreed and covenanted that they understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Class Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

18.     Class Plaintiffs and Settlement Class Members have agreed and covenanted, and each Settlement Class member is deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

19.     The Agreement (including any and all exhibits attached to the Agreement) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by AEO, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Final Approval Order And Judgment.

20.     For the avoidance of doubt, to the extent that the release provided in Section 17 of the Settlement Agreement and paragraph 15 above applies to third parties other than "AEO" (as defined in the Settlement Agreement), any such release of third parties is limited to AEO-related messages and does not release third parties for non-AEO related messages.

21.     In the event that any provision of the Agreement or this Final Approval Order And Judgment is asserted by AEO as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of

such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order And Judgment, and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

22.     By incorporating the Agreement and its terms herein, this Court determines that this Final Approval Order And Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

23.     Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable;

(c)     that within forty-five days after the Effective Date, Settlement Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA");

(d)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(e)     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(f)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for AEO, and was negotiated in good-faith and in the absence of collusion;

(g)     that Settlement Class member Ms. Kara Bowes has submitted written objections to the award of attorneys' fees and expenses;[1]

(h)     that an attorney who recovers a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole.

24.     Accordingly, Class Counsel are hereby awarded $4,350,000 for attorneys' fees and $104,785.52 for litigation expenses from the balance of the Settlement Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

25.     The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $2,500 each for their efforts in this case.

26.     This Court hereby dismisses all claims against AEO with prejudice and without costs to any party, except as expressly provided for in the Agreement or in this Final Approval Order And Judgment.

27.     Based upon this Court's finding that there is no just reason for delay of enforcement or appeal of this Final Approval Order And Judgment notwithstanding this Court's

---

[1]     Two non-class members, Ms. Brooke Bowes and Mr. Mierzwicki, also objected to the award of attorneys' fees and expenses.

retention of jurisdiction to oversee implementation and enforcement of the Agreement, this Court

directs the Clerk to enter final judgment against AEO pursuant to Rule 54(b).

**IT IS SO ORDERD.**
**ADJUDGED AND DECREED.**

Date: ___9/8/2017_____     _____
                                        Honorable Valerie Caproni
                                        United States District Judge