# EXHIBIT A

— **EXHIBIT 1** —

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Christina Melito ("Melito"), Christopher Legg ("Legg"), Alison Pierce ("Pierce"), and Walter Wood ("Wood"), (collectively, "Class Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Defendants American Eagle Outfitters, Inc. and AEO Management Co. (collectively "AEO"), on the other hand. The Class Plaintiffs and AEO shall sometimes be collectively referred to herein as the "Parties."

Class Plaintiffs, Class Counsel (as defined below) and AEO hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Class Plaintiffs and the Settlement Class Members (as defined below) in the action entitled *Melito et al. v. American Eagle Outfitters, Inc.*, United States District Court for the Southern District of New York, Case No. 1:14-cv-02440-VEC (the "Action"), shall be forever and fully settled, compromised and released upon the terms and conditions contained herein.

1. **RECITALS**

    **1.1** American Eagle Outfitters, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. American Eagle Outfitters, Inc. is registered to do and is doing business in New York, including in the Southern District, and throughout the United States.

    **1.2** AEO Management Co. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. AEO Management is registered to do and is doing business in New York, including in the Southern District, and throughout the United States.

    **1.3** On April 8, 2014, Christina Melito ("Melito") filed a Complaint in the United States District Court for the Southern District of New York entitled *Melito v. American Eagle Outfitters, Inc. et al.*, No. 1:14-cv-02440 (S.D.N.Y.) (the "*Melito* Action"). On December 2,

2014, Plaintiff Melito filed an Amended Complaint adding allegations against eBay Enterprise, Inc. The Complaint in the *Melito* Action alleges that AEO violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by using an automatic telephone dialing system to send text messages to cell phones without the prior express consent of Melito or the putative class members.

**1.4**   On May 3, 2014, Plaintiff Christopher Legg ("Legg") filed a Complaint in the United States District Court for the Southern District of Florida entitled *Legg v. American Eagle Outfitters, Inc.*, No. 0:14-cv-61058 (S.D. Fla.) (the "*Legg* Action"). On December 8, 2014, Legg filed an Amended Complaint adding allegations against Experian Marketing Solutions. The Complaint in the *Legg* Action alleges that AEO violated the TCPA by using an automatic telephone dialing system to send text messaged to cell phones after Mr. Legg and putative class members unsubscribed from receiving text messages from AEO.

**1.5**   On December 22, 2014, AEO filed a Motion in the *Legg* matter seeking to transfer the *Legg* Action to the Southern District of New York pursuant to the First to File Rule. On December 23, 2014, the *Legg* Action was transferred to the Southern District of New York. On January 22, 2015, the *Legg* Action was consolidated with the previously filed *Melito* Action under case number 14-cv-2440.

**1.6**   On January 30, 2015, Plaintiffs filed a Consolidated Second Amended Complaint against AEO, eBay Enterprise, Inc. ("eBay"), and Experian Marketing Solutions, Inc. ("Experian") alleging that AEO violated the TCPA by sending text messages to cellular telephone numbers without authorization or consent and/or after unsubscribing or requesting not to receive further text messages from AEO.

**1.7**   On January 21, 2015, Plaintiff Walter Wood filed a Complaint in the United States District Court for the Northern District of Illinois entitled *Wood v. American Eagle Outfitters, Inc.* On March 9, 2016, the Parties Stipulated to transfer the *Wood* Action to the Southern District of New York. On May 12, 2015, AEO filed a Motion to Consolidate the *Wood*

Action into the *Melito* Action under case number 14-cv-2440. This motion was granted on June 17, 2015 and the *Wood* Action was consolidated with the *Legg* and *Melito* Action under case number 14-cv-2440.

1.8   On June 26, 2015, Plaintiffs filed a Consolidated Third Amended Complaint against AEO and Experian Marketing Solutions alleging that AEO violated the TCPA by sending text messages to cellular telephone numbers without authorization or consent and/or after unsubscribing or requesting not to receive further text messages from AEO. The Court subsequently granted Experian's motion to dismiss without prejudice. AEO then filed a third party action against Experian.

1.9   AEO denies all material allegations of the Complaints in the *Melito* Action, the *Legg* Action, the *Wood* Action, and the Consolidated Amended Complaints in the *Melito* Action (collectively, the "Actions"). AEO specifically disputes that it sent or caused to be sent text messages to Class Plaintiffs or putative class members without their prior express consent, disputes that it violated the TCPA, and disputes that Class Plaintiffs and putative class members are entitled to any relief from AEO. AEO further contends that the Actions would not be amenable to class certification if class certification were sought by Class Plaintiffs and opposed by AEO.

1.10   The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions. The Parties also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation.

1.11   This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations over many months, including numerous telephonic and in-person negotiations. The Parties participated in private mediation before the Honorable Morton Denlow ("Judge Denlow") of Judicial Arbitration and Mediation Services, Inc. ("JAMS") on

June 28, 2016, as well as follow-up meetings and negotiations, to reach a resolution in principle on October 12, 2016. The Parties submitted detailed mediation submissions to Judge Denlow setting forth their respective views as to the strengths of the case. Additionally, prior to the mediation the parties engaged in contested motion practice relating to discovery, AEO produced documents requested by Class Counsel (defined below), Class Counsel conducted substantial third party discovery to obtain class discovery, and responded to discovery, including producing call data for Class Plaintiffs' expert to analyze.

**1.12** Subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release the claims (as set forth herein) of Class Plaintiffs and the Settlement Class Members, in exchange for AEO's agreement to pay the total amount of FOURTEEN MILLION, FIVE HUNDRED THOUSAND DOLLARS ($14,500,000), inclusive of Settlement Costs and Settlement Awards as explained and set forth below.

**1.13** The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.14 NOW THEREFORE**, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action, including the claims asserted by both

Class Plaintiffs, individually and on behalf of the Settlement Class Members, shall be settled and compromised upon the terms and conditions contained herein.

## 2. **DEFINITIONS**

The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement. Nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form. As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**2.1** "**Action(s)**" means the *Melito*, *Legg*, *Wood*, and Consolidated Action.

**2.2** "**Agreement**" means this Class Action Settlement Agreement and Release.

**2.3** "**Approved Claims**" means claims that have been timely submitted by class members to the administrator and approved for payment.

**2.4** "**CAFA Notice**" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.5** "**Claim Form**" or "**Claim**" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Sections **10** and **11** of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 1.

**2.6** "**Claim Period**" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. As set forth in Section **8.1(H)**, the last day of the Claim Period will be sixty (60) days following the Notice Deadline.

2.7     **"Claims Administrator"** means KCC, subject to approval by the Court. The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

2.8     **"Class Counsel"** means Keogh Law, Ltd.; Terrell Marshall Law Group, PLLC; Fitapelli & Schaffer, LLP, and Scott D. Owens, PA.

2.9     **"Class Notice"** means any type of notice that may be utilized to notify persons in the Class of the Settlement, including one or more of the following methods: Mail Notice, Website Notice and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

2.10    **"Class Period"** means the period from April 8, 2010 through the date of entry of the Preliminary Approval Order (as defined below).

2.11    **"Class Representative(s)"** means Plaintiffs Christina Melito, Christopher Legg, Alison Pierce, and Walter Wood.

2.12    **"Court"** means the United States District Court for the Southern District of New York.

2.13    **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section **12.3** of this Agreement. *Cy Pres* will only be distributed for uncashed or undeposited checks and only then if a second distribution to those eligible Settlement Class Members is not feasible pursuant to Section **12.3** of this Agreement.

2.14    **"AEO"** means collectively Defendant American Eagle Outfitters, Inc. and AEO Management, Co., and any of either of their direct or indirect subsidiaries and/or parent companies.

2.15    **"AEO's Counsel"** means Gordon Rees Scully Mansukhani LLP (also known as "Gordon & Rees LLP").

2.16    **"Effective Date"** means the fifth (5th) business day after the last of the following dates:

  (A) All Parties, AEO's Counsel and Class Counsel have executed this Agreement;

  (B) The Court has entered, without material change, the Final Approval Order; and

  (C) The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

**2.17** "**Escrow Account**" means a non-interest bearing checking account established at a financial institution other than AEO into which monies shall be deposited as set forth by this Agreement.

**2.18** "**Final Approval Hearing**" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to Class Plaintiffs.

**2.19** "**Final Approval Order**" means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as Exhibit 2. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

**2.20** "**Funding Date**" means the date, which is no later than fifteen (15) business days after the Effective Date, on which AEO shall cause payment to be made into the Settlement Fund account pursuant to Section **9.1** of this Agreement.

**2.21** "**Judge**" shall mean any judge of the United States District Court for the Southern District of New york, including the Honorable Valarie Caproni.

**2.22** "**Mail Notice**" means the postcard notice that will be provided pursuant to Section **10.2(A)** of this Agreement to the Settlement Class Members, subject to approval by the Court, substantially in the form attached hereto as Exhibit 3.

**2.23** "**Maximum Payment**" means an all-inclusive payment of FOURTEEN MILLION, FIVE HUNDRED THOUSAND DOLLARS ($14,500,000.00) which shall be made by AEO to resolve this litigation. As set forth in this Agreement, the "Maximum Payment" shall

be used for Settlement Costs, including any and all administration expenses, $100,000 in expert fees, any cost associated with class notice, including mailing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any attorneys' fees and costs awarded to Class Counsel by the Court, any incentive awards ordered by the Court to be paid to the Class Representatives, and all amounts to be paid to Settlement Class Members under this Agreement. Under no circumstances shall AEO or the Released Parties be required to pay any amount in excess of the $14,500,000.00 Maximum Payment in order to resolve the Action.

**2.24** **"Notice Deadline"** shall have the meaning set forth in **Section 8.1(D)** of this Agreement.

**2.25** **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Sections **8.1(F)**, and **13.1** of this Agreement.

**2.26** **"Parties"** means Class Plaintiffs and AEO.

**2.27** **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 4. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

**2.28** **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement. The "Releases" means all of the releases contained in Section **17** of this Agreement.

**2.29** **"Released Parties"** means and refers to the Defendants American Eagle Outfitters, Inc., AEO Management Co. and each and all of their respective past, present, and future direct or indirect subsidiaries, parent companies, agents, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees,

predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

2.30 **"Releasing Parties"** means the Class Plaintiffs and Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

2.31 **"Settlement Class"** means the approximate 618,289 persons who, on or after April 8, 2010 and through and including the date of entry of the Preliminary Approval Order, received a text message from AEO or any entity acting on its behalf, to his or her unique cellular telephone number, and who did not provide AEO with appropriate consent under the TCPA. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

2.32 **"Settlement Class Member"** means any person in the Settlement Class who is not properly opted out of or is otherwise excluded from the Settlement Class.

2.33 **"Settlement"** means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

2.34 **"Settlement Award"** means a cash payment that may be available to eligible Settlement Class Members pursuant to Section 11 of this Agreement.

2.35 **"Settlement Class"** or **"Settlement Class Members"** means those persons who are members of the Settlement Class defined in Section **2.31** above, and who do not timely and validly request exclusion from the Settlement Class.

2.36 **"Settlement Costs"** means all costs incurred in the litigation by the Class and their attorneys, as well as all costs of claims administration and administering the Settlement, and such costs shall include: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive award to Class Plaintiffs approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for Mail Notice and Website Notice and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments, Claim Forms, and the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; (v) a maximum payment of $100,000 for database expert work; and (vi) the fees, expenses, and all other costs of the Claims Administrator.

2.37 **"Settlement Fund"** means the amount of FOURTEEN MILLION, FIVE HUNDRED THOUSAND DOLLARS ($14,500,000) to be paid by AEO as set forth in this Agreement.

2.38 **"Settlement Termination Date"** means the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

2.39 **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

2.40 **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

2.41 **"Website Notice"** means the website notice provided pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached hereto as Exhibit 5. The Website Notice will be posted on the "Settlement Website."

2.42 Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

3. **SETTLEMENT PURPOSES ONLY**

    3.1    **General.** This Agreement is made for the sole purpose of settlement of the Action, on a settlement class-wide basis, as well as the settlement of all related individual claims made by the Class Plaintiffs. The settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court. In the event that the Court does not execute and file the Order of Final Approval, or in the event the Order of Final Approval does not become final for any reason, or is modified in any material respect, or in the event that the Final Effective Date, as defined herein, does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force and effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

    3.2    **AEO's Position on Conditional Certification of the Settlement Class and the Rule 23(b)(2) Class.** AEO disputes that a class would be manageable or that class issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Actions. However, solely for purposes of avoiding the expense and inconvenience of further litigation, AEO does not oppose and hereby agrees to certification of the Settlement Class defined in Sections **2.31**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would AEO be precluded from challenging class certification in further proceedings in the Actions or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving AEO. No agreements made by or entered into by AEO in connection with the Settlement may be used by Class Plaintiffs, any person in the Class, or any other persons to establish any of the elements of class certification in any litigated certification proceedings, whether in the Actions or any other judicial proceeding.

3.3 **Admissibility.** Additionally, this Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as or deemed to be evidence of any admission or concession by any of the Parties or any other Person regarding liability, damages, or the appropriateness of class treatment, and shall not be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

3.4 **Denial of Liability.** By entering into this Agreement, it is understood that the Released Parties, including AEO, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity, deny that they are liable to Releasing Parties, including Class Plaintiffs, any person in the Classes or any other persons, and/or deny that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Actions. AEO expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

3.5 **Class Plaintiffs' Belief in the Merits of the Case.** Class Plaintiffs believe that the claims asserted in the Actions have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiffs that there is any infirmity in the claims asserted by them, or that there is any merit whatsoever to any of the contentions and defenses that AEO has asserted.

3.6 **Class Plaintiffs Recognize the Benefit of Settlement.** The Class Plaintiffs recognize and acknowledge, however, the expense and amount of time which would be required to continue to pursue Actions against AEO, as well as the uncertainty, risk and difficulties of

proof inherent in prosecuting such claims on behalf of the Settlement Class. The Settlement Class has concluded that it is desirable that the Actions and any Released Claims be fully and finally settled and released as set forth in this Agreement. The Settlement Class and Class Counsel believe that the agreement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

4. **JURISDICTION**

  **4.1** The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

5. **SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

  **5.1** **Maximum Payment to Settlement Class.** AEO shall pay the total sum of FOURTEEN MILLION, FIVE HUNDRED THOUSAND DOLLARS ($14,500,00.00) to settle the Action with the Settlement Class and obtain a release of all Released Claims in favor of all Released Parties as set forth herein. The Maximum Payment will be used to pay Approved Claims and any Settlement Costs. Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims. In no event will AEO's payment obligations exceed the Settlement Fund.

  **5.2** **Amount Paid Per Claim.** The amount paid per Approved Claim shall be divided among the approved claimants on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting the Settlement Costs from the Maximum Payment.

6. **ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES**

  **6.1** **Attorneys' Fees and Costs.** Class Counsel shall move the Court for an award of attorneys' fees and expenses paid from the Settlement Fund. The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund, and from no other source.

Within five (5) days of the Funding Date and after receipt of payees completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel. Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement. In addition, no interest will accrue on such amounts at any time.

**6.2   Payment to Class Representatives.**  Class Representatives will also ask the Court to award them incentive payments (in addition to any *pro rata* distribution they may receive under Section **5.2**) for the time and effort they have personally invested in this Action. Within five (5) days of the Funding Date and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of incentive payments awarded by the Court, and Class Counsel shall disburse such funds. In addition, no interest will accrue on such amounts at any time. Any incentive payment shall come from the Settlement Fund and from no other source.

**6.3   Settlement Independent of Award of Fees and Incentive Payments.**  The payment of attorneys' fees, costs and incentive payments set forth in Section **6.1** and **6.2** are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interest of Settlement Class Members. However, this Settlement is not dependent upon the Court's approving Class Plaintiffs' requests for such payments or awarding the particular amounts sought by Class Plaintiffs. In the event the Court declines Class Plaintiffs' requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

**7.   CONDITIONS OF SETTLEMENT**

   **7.1**   Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

   (A)   Execution of this Agreement by AEO, Class Plaintiffs, and Class Counsel.

   (B)   Execution and filing by the Court of the Preliminary Approval Order.

    (C)    Sending of the notices, described in Section **10** below.

    (D)    The Court conducting a Fairness Hearing.

    (E)    Execution and filing by the Court of the Final Approval Order.

    (F)    Execution and entry of Judgment by the Court.

    **7.2**    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with any Plaintiff or any third party.

**8.**    **PRELIMINARY APPROVAL OF THE SETTLEMENT**

    **8.1**    **Preliminary Approval Motion.**  As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order in substantially the same form attached as Exhibit 4. Pursuant to the motion for preliminary approval, the Parties will request that:

    (A)    The Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel for the Class;

    (B)    The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class;

    (C)    The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully

satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

(D) The Court direct that notice be commenced to the Settlement Class, in accordance with this Agreement, within sixty (60) days following entry of the Preliminary Approval Order (the "Notice Deadline");

(E) The Court shall establish a procedure for any class members to object to the Settlement or exclude themselves from either class;

(F) The Court shall set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

(G) The Court shall approve the Claim Form and the claims process described herein for the Settlement Class;

(H) The Court shall set the Claim Period for the submission of Claims to end sixty (60) days after the Notice Deadline;

(I) The Court shall, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out;

(J) The Court shall, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

(K) The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than sixty (60) days after the Opt-Out and Objection Deadline.

**8.2 Stay/Bar of Proceedings.** All proceedings between the Parties in the Actions will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. This provision does not apply to any proceedings between AEO and Experian or any claims or causes of action that may be asserted by AEO against eBay. Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Actions, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Preliminary Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless and until after such person is validly excluded from the Settlement Class or is not a Settlement Class Member.

## 9. SETTLEMENT CONSIDERATION

**9.1 The Settlement Fund.** As full and complete consideration for the Settlement as to the Settlement Class, AEO will pay the total Settlement Fund of FOURTEEN MILLION, FIVE HUNDRED THOUSAND DOLLARS ($14,500,000) to fully and completely settle all claims of Class Plaintiffs and the Settlement Class Members. The Settlement Fund shall be used as described in Section 2.23 herein. AEO shall deposit money into the Escrow Account as follows: (a) AEO shall advance the amounts necessary to pay for the Notice Program and settlement administration, which advances shall be credited against the Settlement Fund; and (b) AEO shall pay the balance of the Settlement Fund into the Escrow Account within fifteen (15) business days following the Effective Date. AEO shall not, under any circumstances or for any

reason, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

## 10. ADMINISTRATION AND NOTIFICATION PROCESS

**10.1 Claims Administrator.** The Claims Administrator shall administer the Settlement. AEO will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the names, cellular telephone numbers, and mailing or e-mail addresses for persons in the Settlement Class for whom they have such information (the "Class List"). The parties, working with an agreed-upon expert, will provide the Class List to the Claims Administrator within thirty (30) days following Preliminary Approval.

**10.2 Settlement Class Notice Program For the Settlement Class.** The Claims Administrator shall, by the Notice Deadline, provide:

> (A) **E-Mail and Mail Notice.** The Claims Administrator will provide individual notice via e-mail for any e-mail addresses that AEO provides, or, if no e-mail address exists (or an e-mail is returned undelivered), via postcard to the most recent mailing address from the Class List, which shall contain a claim ID. AEO will search its records to determine what names, addresses and e-mails it has for the telephone numbers of Settlement Class Members. For persons who AEO does not have sufficient contact information, those numbers will be subject to a reverse lookup to obtain name and contact information, which will be a Settlement Cost. The Claims Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund. The E-mail and Mail Notice shall direct recipients to the Settlement Website.